[No. 10,516.—In Bank.]
## PEOPLE *v.* BOJORQUEZ.

EVIDENCE—CRIMINAL LAW.—The testimony of a witness taken down by the Justice of the Peace, upon the preliminary examination of the defendant in the indictment, is inadmissible on the trial of the indictment, except in the cases specified in § 686 of the Penal Code.

ID.—ID.—OBJECTION TO TESTIMONY.—*Held,* accordingly, that such testimony was inadmissible where it appeared that the witness was within reach of the subpœna of the Court, but too unwell to appear; and *held, further,* that an objection to the testimony, that it was *incompetent,* was sufficient.

APPEAL from a judgment for the plaintiff, in the Superior Court of Kern County. BRUNDAGE, J.

*Thomas Rhodes,* and *N. A. Gregg,* for Appellant.

*Attorney-General,* for Respondent.

By the COURT, (from the bench):

At the trial the District Attorney offered the deposition of Frank Drake. The Court inquired of the under-sheriff pres-

ent what was " the condition " of Drake ?    The officer replied :
" He is unwell; not able to leave his room, I don't think," and
added that he had been in that condition for almost two weeks.
Thereupon the Court permitted the deposition to be read.

The deposition, as is stated in the bill of exceptions, was the
" testimony " of the witness Drake, taken down by the Justice
of the Peace, on the preliminary examination of defendant
under the charge in the indictment.

The defendant objected to the introduction of the " testi-
mony " as being *incompetent,* irrelevant, and immaterial.    The
objection was overruled, and exception noted.

The Penal Code, § 686, permits such a deposition to be read
at the trial only in certain cases, no one of which is, that the
witness, although within reach of process of subpœna, is too
unwell to appear before the jury.    The deposition was, there-
fore, *incompetent,* and as the deposition contained the *testimony,*
the latter also was incompetent.

We think it would be hypercritical to hold that the language
employed by defendant's counsel in making his objection did
not sufficiently point to the proposition, that the deposition was
inadmissible, because the absence of the witness was not ac-
counted for in such manner as would alone render the deposi-
tion competent.

Judgment reversed, and cause remanded for a new trial.