[Crim. No. 3193.   Second Appellate District, Division One.—June 1, 1939.]

THE PEOPLE, Respondent, v. WILLIAM H. BRESH, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

YORK, P. J.—Appellant was charged by an information containing two counts with violations of section 288 of the Penal Code. The jury returned a verdict of guilty as to count I and of not guilty as to count II, and from the judgment which was thereafter entered, this appeal is prosecuted on the grounds that the verdict is contrary to the evidence, and that the court erred in decisions on questions of law arising during the course of the trial.

The record discloses that on the morning of August 6, 1938, two boys, William, aged eleven years, and Fred, aged eight years, were playing on the porch of the apartment house where they lived. Appellant approached the boys and started talking to them about "coins". He told them he had "a coin in the room and he wanted me (William) to go with him to see it". Appellant and the two boys went to appellant's apartment where the crime charged in count I was committed upon the person of William. Shortly thereafter, William complained to his mother with reference to the treatment he had received at appellant's hands.

Appellant took the witness stand in his own defense and testified that the two boys accosted him on the street and asked him for money to go to a show; that they followed him to his room and returned on another occasion and begged him to give them money; that he saw nothing wrong in the boys being in his room with the door closed, and that he did not touch either boy while they were in his room.

Two defense witnesses testified that the boys were in appellant's room on two occasions and they heard a boy ask him for money, and that one of these witnesses, who was the manager of the apartment house where appellant lived, ordered the boys off the premises.

In connection with the first point, appellant urges that the testimony of the boy William is so improbable as not to warrant credence, and that the evidence presents a situation where the hypothesis of guilt is greatly outweighed by the hypothesis of innocence.

As is usual in this type of case, the evidence is highly conflicting, and the jury having rejected appellant's theory, this court is bound by such finding unless it appears that "upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached by the court below". (*People* v. *Tom Woo*, 181 Cal. 315, 326 [184 Pac. 389].) The rule of conflicting hypotheses is aptly stated by Mr. Justice Seawell in the case of *People* v. *Perkins*, 8 Cal. (2d) 502, 518 [66 Pac. (2d) 631], to wit: "Appellant presses on our attention the rule which frequently finds expression in our decisions to the effect that the circumstances relied upon to establish guilt of one accused of crime must be consistent with that hypothesis and inconsistent with any other rational conclusion. In other words, where the incriminatory circumstances relied upon are equally compatible with innocence, a reviewing court will reverse a judgment of conviction, and a like application of that rule to this case, it is claimed, would impel a reversal of the judgment. The rule above announced does no more than to instruct the jury that if a reasonable doubt is created in their minds for any reason they must acquit the defendant. But where the jury rejects the hypothesis pointing to innocence by their verdict, and there is evidence to support the implied finding of guilt as the more reasonable of the two hypotheses, this court is bound by the finding of the jury."

Appellant admitted that he had been previously convicted of a felony, and also admitted that he had been convicted of a charge involving boys for which he served ten months in the county jail. While there are some contradictions and slight inconsistencies in the testimony of the boy William, it cannot be said as a matter of law that his story of the occurrence complained of was so improbable as not to be worthy of belief.

Appellant assigns as error the sustaining of an objection to the question asked of Mr. Garwood, the manager of the apartment house where appellant lived: "Have these boys ever asked you for money?" As a matter of fact, the question was asked and answered, "Yes, sir," before the objection thereto was interposed, and the answer was not thereafter stricken from the record; consequently, the jury undoubtedly considered the answer in arriving at its verdict. In any event, if any error existed by reason thereof, it was

not so prejudicial in character as to warrant a reversal of the judgment.

For the foregoing reasons the order and judgment appealed from are affirmed.

Doran, J., and White, J., concurred.