[Crim. No. 3209. Second Appellate District, Division Two.—June 5, 1939.]

## THE PEOPLE, Respondent, v. MAURICE W. WILSON et al., Appellants.

Ben Van Tress and Beecher S. Stowe for Appellants.

Earl Warren, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

The following opinion was prepared by the late Mr. Presiding Justice Crail and is adopted and published as the opinion of the court.

THE COURT.—Defendants were charged with one count of robbery and one count of assault with a deadly weapon. Defendants pleaded "not guilty" to both counts and were tried by a jury. The jury found them not guilty on count one and guilty on count two. Defendants moved for a new trial, which was denied, and it is from this order denying defendants' motion for a new trial that this appeal is taken. Viewing the evidence in the light most favorable to the respondent, which it is our duty to do where the contention is made that the evidence is insufficient (*Koeberle* v. *Hotchkiss*, 8 Cal. App. (2d) 634, 636 [48 Pac. (2d) 104]), there is substantial evidence that the facts are as follows:

On the evening of January 2, 1939, the four defendants started out for a ride. Three of them were out of work, and the fourth (Eaton) was considering the purchase of the car in which they were riding. There was in the car about two gallons of gas, and the defendants had about two dollars between them. That afternoon defendant Wilson had taken a tire-iron out of the car and taped both ends of it so as to make a blackjack out of it. This was done in the apartment where all four defendants were staying. They drove around for an hour or more, and while driving north on San Fernando Road, they saw Hurlbut, the complaining witness, who was "thumbing" a ride. Defendants passed him, but turned the car around and when they were again abreast of him invited Hurlbut to ride with them. He accepted and climbed into the rumble seat with defendant Wilson. They proceeded north to Glendale where, while apparently trying to find a friend of Wilson's they drove off the highway and eventually came upon a dirt road. Here Wilson hit Hurlbut on the head with the taped tire-iron. Hurlbut was able to get out of the car, but was set upon by Wilson and two of the other defendants. As a result of the beating Hurlbut suffered two bumps on his head and a black eye. He let out screams of pain and defendants were frightened away. During the scuffle ninety-five cents disappeared from Hurlbut's pocket. (He was unable to testify whether this money was taken from him by defendants or was lost out of his pocket during the fight, and for this reason the defendants were found not guilty on the robbery count.)

Defendants have contented themselves in their briefs with arguing the facts. Their sole contention is that "the evidence is not sufficient to sustain a conviction of count two", but this contention has been presented four times, once for each defendant.

Defendants' contention is answered by the language of Mr. Chief Justice Waste in the case of *People* v. *Tedesco*, 1 Cal. (2d) 211, 219 [34 Pac. (2d) 467], as follows: "On the record, the prosecution contends, there is substantial evidence tending to support the verdict of the jury, and that this court cannot, as a matter of law, substitute its judgment on the facts for that of the jury. No rule of criminal law and procedure is better established in this state. It is the

function of the jury, in the first instance and of the trial court after the verdict, to determine what facts are established by the evidence and, before the verdict of the jury which has been approved by the trial court can be set aside on appeal upon the ground of the insufficiency of the evidence to support it, it must be made clearly to appear that upon no hypothesis whatever is there substantial evidence sufficient to support the conclusion of the trial court. (*People* v. *Tom Woo*, 181 Cal. 315, 326 [184 Pac. 389].) This court has uniformly held that where there is evidence tending to support a verdict we cannot disturb the verdict upon the ground that it is not sustained by the evidence; and the application of this rule is strengthened in a case where, as here, the trial court has refused a new trial. It is settled beyond controversy that the weight to be accorded the evidence is a question for the jury. (*People* v. *Ellis*, 188 Cal. 682, 688 [206 Pac. 753].) The finding of the jury in this case was approved by the trial court on motion for a new trial. The findings of the jury and the trial judge on this subject are conclusive upon this court. It may disturb such a finding only when we can say, as a matter of law, that there was no evidence to support it. (*People* v. *Erno*, 195 Cal. 272, 283 [232 Pac. 710].)''

This court is satisfied that there is substantial evidence to sustain the verdict as to each of the defendants.

Order affirmed.