[Crim. No. 3224.    Second Appellate District, Division Two.—November 2, 1939.]

THE PEOPLE, Respondent, v. FARRELL YODER et al., Defendants; JOSEPH NEWMAN, Appellant.

Leland E. Zeman for Appellant.

Earl Warren, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

McCOMB, J.—After trial before the court without a jury appellant was convicted of violating subdivision 2 of section 337a of the Penal Code. He appeals from the judgment of conviction, order denying his motion for a new trial, and order denying his motion in arrest of judgment.

Viewing the evidence most favorable to the respondent (the people), the essential facts are:

January 4, 1939, a police officer, looking through a window in the basement of a building in the city of Los Angeles, saw a man hand appellant $2 and say to him, "Give me $2.00 to win on 725." Appellant placed the $2 in his pants pocket and said, "O.K." Thereafter the officer went into the basement room where there were between 35 and 50 men, and discovered that betting on horse races was taking place. After half an hour had elapsed, appellant was arrested.

Appellant relies for reversal of the judgment on this proposition:

■ *There is no substantial evidence to sustain the facts upon which the judgment was predicated.*

This proposition is tenable. Subdivision 2 of section 337a of the Penal Code, so far as material here, makes it a penal offense for any person to keep or occupy a room "with a book or books, paper or papers, apparatus, device or paraphernalia, for the purpose of recording or registering any bet or bets, or any purported bet or bets or wager or wagers, or any purported wager or wagers."

In the instant case the sole evidence implicating appellant is that the officer saw an unidentified man hand appellant $2 which he placed in his pants pocket and heard the unidentified man say to appellant, "Give me $2.00 to win on 725", to which appellant replied "O.K.", and that thereafter upon being arrested appellant had two $1 bills in his right-hand trousers pocket along with other money totaling the sum of $76.

It is obvious that this evidence is wholly insufficient to sustain a finding that appellant either kept or occupied the room in which he was arrested or that he had a book or books, paper or papers, etc., for the purpose of recording or registering any bet or bets or any purported bet or bets, etc.

■ There is no merit in respondent's contention that appellant was aiding and abetting in the maintenance of a room and paraphernalia for gambling, because it is as reasonable a conclusion from the evidence that the bettor was a friend of appellant and was merely asking appellant to place the bet for him, as it is to draw the conclusion that appellant was employed in the establishment and receiving the bet. Therefore, under the rule that, where the guilt of defendant is predicated upon circumstantial evidence, the character of the evidence must be not only consistent with the hypothesis of guilt but inconsistent with any rational hypothesis of innocence (*People* v. *Staples*, 149 Cal. 405, 425 [86 Pac. 886]; *People* v. *Lamson*, 1 Cal. (2d) 648, 661 [36 Pac. (2d) 361]), this court is bound to assume from the evidence stated above that appellant was not an employee of a person or persons operating the establishment.

For the foregoing reasons the judgment is reversed.

Wood, Acting P. J., concurred.