[Crim. No. 3367. Second Appellate District, Division One.—September 30, 1940.]

THE PEOPLE, Respondent, v. DONLEY M. RINESMITH et al., Appellants.

Franklin B. MacCarthy for Appellants.

Earl Warren, Attorney-General, and L. G. Campbell, Deputy Attorney-General, for Respondent.

WHITE, J.—In two informations which were consolidated for trial defendants were accused of the crimes of robbery and grand theft. Following trial before a jury, defendants were convicted on both counts. From the judgments and the order denying their respective motions for a new trial this appeal is prosecuted.

As to the robbery charge, the facts may be thus summarized: On the afternoon of January 8, 1940, Joe Overman, 66 years of age, was in a toilet at 125 South San Pedro Street in the

city of Los Angeles, when, according to his testimony, the defendant Keech grabbed him around his arms and body, making his approach from behind, and while he was thus pinioned by Keech defendant Rinesmith took from the pocket of Overman, the prosecuting witness, a billfold containing $40. After admonishing the victim "not to squawk", the robbers made their escape, taking with them the billfold and money heretofore mentioned.

Viewing the evidence as to the grand theft charge in the light most favorable to the prosecution, as we are required to do following a guilty verdict, it appears that one Frank Wisniewski, a retired railroad man 70 years of age, was walking down a street in the city of Glendale, county of Los Angeles, in the forenoon of January 3, 1940, when he was accosted by appellant Keech, who asked for directions to a show. Immediately after that meeting defendant Rinesmith came up and Keech, referring to the subject of his conversation with complainant, said, "Maybe you can help us out a little," and the three thereupon engaged in conversation. The group then went to the Globe Restaurant in Glendale and sat in a booth, where they were very shortly thereafter joined by a woman. The conversation turned upon the amount of money each of the trio had, and Keech represented himself to be in possession of a large sum and displayed a large roll of bills, offering to wager $100 against $5 that neither of the other men had a bank account. The complainant apparently accepted the wager, and thereupon went to his home with defendant Keech and secured a bank book evidencing the sum of $2,500 to his credit in a savings account in a Glendale bank. After the complainant showed the defendants this bank book, the defendant Keech offered to bet $700 against $25 that the complainant would be unable to withdraw the money from his bank. Defendant Rinesmith finally agreed to put up the $25 for the victim against the $700 offered by Keech, and the money was thereupon turned over to their girl companion to act as stakeholder. After the bet was posted the complainant went to the bank and withdrew $2,500 in cash and returned to the restaurant where the two defendants and a woman were waiting. All of them sat down in a booth, and the victim showed the others the $2,500 in anticipation of winning the $700. The complainant testified that Mr. Rinesmith somehow got the $2,500 out of his hand

upon the pretext of examining it more minutely, and that he thereupon took the $725 from the girl and apparently put both piles of money together and wrapped the same up in a napkin, which he placed under complainant's shirt. The quartet remained in the restaurant for about an hour, whereupon the victim started for home, secure in the thought that he had not only his $2,500 but the wager as well. Giving the package to his wife, appellant discovered upon her opening it that all he had was a one-dollar bill wrapped around blank paper.

■ For their first ground of appeal appellants assert prejudicial error on the part of the trial court in refusing to limit the cross-examination of a defense witness, Don King, and appellant Rinesmith testifying as a witness in his own behalf. The witness King was called to establish an alibi for defendant Keech. While the cross-examination of this witness was minute and thorough, we perceive no resultant prejudice to defendant Keech therefrom. The cross-interrogatories in the main were such as to test the strength or weakness of the witness' recollection concerning persons he met, places he visited, and dates when he claimed defendant Keech was in his company, particularly with reference to the day the theft of Wisniewski's money occurred. The cross-examination did no violence to defendant Keech's substantial rights. ■ Equally without merit is the claim of appellant Rinesmith that prejudice resulted from his cross-examination by the district attorney. On direct examination this appellant was not interrogated as to his occupation, but on cross-examination he was asked where he was working at about the time when the charged offenses were committed, in response to which questions he testified that he was not working but made his money by betting on horse races. Appellant Rinesmith now contends that he was prejudiced by being compelled to admit that he made his money on the races. The complaint is trivial. Appellant was charged with robbery and theft. He denied on cross-examination that he took any money from either of the victims. It was proper cross-examination to elicit the source of his income as well as that of money in his possession. ■ On cross-examination any fact may be elicited which the jury might deem inconsistent with the direct testimony of a witness, and the defendant testifying in his own behalf is in this respect put upon the same plane as other witnesses.

■ We come now to a consideration of appellants' claim that the trial court erred in permitting the deposition of Joe Overman, the complaining and only witness in connection with the robbery charge set forth in count I of the information, to be read into evidence, when the only foundational showing was the testimony of a police officer that although the witness in question was within the county of Los Angeles, he was too ill to attend the trial and testify. Appellants' contention in this regard must be upheld. Upon the aforesaid showing the court permitted the evidence of the witness Overman taken at the preliminary examination to be read at the trial. Section 686 of the Penal Code provides that this kind of evidence may be introduced only "upon it being satisfactorily shown to the court that he" (the witness) "is dead or insane, or cannot with due diligence be found within the state". ■ The right of a defendant in a criminal action to cross-examine the witnesses against him is of the highest importance, and the deposition of such a witness can only be offered in strict conformity with the statute. The fact that a witness, though within reach of process of subpoena, is too unwell to appear before the jury, is not one of the grounds which will permit such a deposition to be read at the trial. (*People* v. *Bojorquez*, 55 Cal. 463; *People* v. *Plyler*, 126 Cal. 379 [58 Pac. 904].) In the instant case the defendants refused to stipulate to the introduction of the "testimony". The court thereupon took testimony from the police officer as to the illness of the witness, and over defendants' protest ordered the testimony given by the complaining witness at the preliminary examination to be read to the jury at the trial. This was error. The deposition was incompetent, and as such deposition contained the testimony, the latter was also incompetent. The testimony contained in the deposition being the only testimony adduced against the defendants on the charge of robbery contained in count I, the judgment and order as to such count must be reversed.

■ Appellants next urge that the evidence was insufficient to support the verdict rendered as to defendant Rinesmith on count II. As so often happens in cases of this type, the evidence is highly conflicting, especially as to defendant Rinesmith. But even though we concede that the evidence is equally compatible with a conclusion of innocence as it is with one of guilt, nevertheless we are powerless to disturb the find-

ing of the jury in adopting by their verdict the hypothesis of guilt and rejecting the hypothesis of innocence, unless there is no evidence to support the implied finding of the jury that the hypothesis of guilt is the more reasonable of the two hypotheses. (*People* v. *Bresh,* 33 Cal. App. (2d) 161, 163 [91 Pac. (2d) 193]; *People* v. *Tom Woo,* 181 Cal. 315, 326 [184 Pac. 389]; *People* v. *Newland,* 15 Cal. (2d) 678 [104 Pac. (2d) 778].) The complaining witness was positive in his identification of appellant ·Rinesmith and he had plenty of opportunity to observe such appellant upon the occasion when the money was lost. Other witnesses testified to circumstances which gave strength to the victim's identification of appellant Rinesmith as being one of the participants in the theft. If we assume, as we must, in favor of the verdict the existence of every fact which the jury could have reasonably deduced from such evidence, then the verdict is amply supported. ■ When, as here, the circumstances are such as to reasonably justify the verdict of the jury, then, notwithstanding that this court might be of the opinion that those circumstances could also reasonably be reconciled with the innocence of the defendant, we are nevertheless without warrent to interfere with the determination of the jury thereon. That this is the law is directly and positively held by our Supreme Court in *People* v. *Newland, supra.*

■ Finally, appellants assert that in his closing argument to the jury the district attorney was guilty of prejudicial misconduct in what he said of and concerning Donald King, a witness called on behalf of defendant Keech. In that connection the record discloses the following:

"Mr. Barnes (Deputy District Attorney): . . . I am sure he does not want me to tell you anything outside of the record about this man King. I am sure he does not. And I will not go outside of the record, but I will say—

"Mr. MacCarthy (Defendants' Counsel): Just a moment, we object to that and assign that remark as misconduct.

"Mr. Barnes: Counsel invited it, when he made a remark of that kind in his argument of this case to the jury.

"The Court: The assignment will be denied."

The foregoing constitutes the only part of either the arguments of the defendants' counsel or of the district attorney to the jury that has been furnished to us on this appeal. True, defendants' counsel objected to the remarks of the district

attorney, but the latter countered with the statement that what he said was prompted by a similar remark made by appellants' counsel in his address to the jury. While we do not commend the remarks made by the district attorney and have often reminded prosecuting officers of their duty to temper their remarks and to refrain from saying things or conducting themselves in a manner which may tend to prejudice the defendant, nevertheless in the state of the record before us it is entirely apparent that the district attorney was making the statement in question in response to the argument made on behalf of the defendants. Where, as here, the record indicates that the statement of the district attorney was invited, it is not prejudicial misconduct. (*People* v. *Kennedy,* 21 Cal. App. (2d) 185, 206 [69 Pac. (2d) 224].) Not only was it the duty of defendants' counsel to challenge the statement made by the district attorney that the former's argument to the jury prompted the latter's statement against which complaint is made; but appellants have failed to comply with the requirements of section 7 of rule II of the Rules for the Supreme Court and the District Courts of Appeal, for which last-named reason this court might well refuse even to consider this assignment of error. However, having done so, we are compelled to say, under the state of the record before us, that we find in the comment made by the district attorney no misconduct sufficient to justify a reversal.

For the reasons herein stated the judgments and the order denying defendants' motion for a new trial as to count I are, and each is, reversed and the cause remanded for a new trial as to such count. The judgments and the order denying defendants' motion for a new trial as to count II are, and each is, affirmed.

York, P. J., and Doran, J., concurred.