[Crim. No. 1837.   Third Dist.   Oct. 11, 1943.]

THE PEOPLE, Respondent, v. HENRY FRANK, Appellant.

Burke & Rawles for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

SCHOTTKY, J. pro tem.—Appellant was charged with a violation of section 480 of the Vehicle Code, it being alleged

in the information that on April 19, 1943, in Mendocino County he drove an automobile which was involved in an accident resulting in injury to one Chad Hansen and that appellant failed to stop his automobile and failed to give his name, address and the registration number of the automobile. Upon a trial by jury he was found guilty. His motion for a new trial was denied and judgment was pronounced. This appeal is from the judgment and from the order denying the motion for a new trial.

Appellant urges these points which he states as follows:

"1. Does the evidence support the implied finding of the jury that the car driven by defendant struck and injured a man.

"2. Does the evidence support the implied finding of the jury that the defendant had knowledge, if it be a fact, that defendant had struck and injured such person.

"3. Did the Court err in admitting a picture with a witness so placed therein as to draw attention to her presence without explanation when the jury would be thereby led to believe that she was purporting to point out the location of the victim on the highway whom she testified she had never seen."

We will discuss the first two points together as they are interwoven, and in order to understand them better we will make a brief summary of the facts as we believe they may fairly be deduced from the record.

During the afternoon of April 18th appellant, who was thirty-five years old, picked up four young girls at the Manchester Reservation about six miles north of Point Arena and the five rode around in appellant's automobile during the afternoon and evening. They stopped at various places where they partook of intoxicating liquors, but also carried wine and beer in the car and stopped occasionally to have a drink. Later in the evening they were joined by two young men who also got into the car. Sometime after midnight appellant was driving his automobile along the Coast Highway toward Point Arena. Two of the girls were in the front seat with him and the other two girls and the two boys were in the back seat. Appellant drove his car on to the left side of the highway and crashed into a highway post which he broke off. He continued to drive along the highway and struck a Coast Guardsman who was walking along the highway. Though the appellant denied on the witness stand that he had struck

anyone, a statement made by him after the accident was introduced in evidence, in which statement he admitted having struck a man at the point of the accident; and a highway patrolman testified that he took appellant to the scene of the accident and that appellant admitted that he had seen the Coast Guardsman before he hit him, but said he could not stop. There was evidence that after the Coast Guardsman had been struck appellant's car stopped for a moment but admittedly no one got out of the car. One of the girls who was riding in the front seat at first denied that a man had been struck but upon being confronted with a previous statement to the contrary testified that the car did strike a man. All of the occupants of the car were aware that the car had struck and run over some object as they felt the jar. Later, during the same night, the two young men who were in the car at the time of the accident were returning along the same route and ran over a body which they testified was at about the same place at which they felt the jar of appellant's car when they were riding with him. At about 6:30 on the morning of April 19th the constable at Point Arena found a Coast Guardsman's body lying in the center of the Coast Highway north of the city limits of Point Arena. Off the west edge of the highway across from the body was growing grass which was mashed down and there were bloodstains indicating that someone had lain upon it. Bloodmarks on the pavement indicated where the body had been first struck and footprints indicated where decedent had walked to lie down in the grass beside the highway and where he had risen to resume walking. The body was examined by a doctor at about 10:30 a. m. and showed numerous severe cuts and bruises on the head, body and legs and the doctor testified in his opinion the deceased had been dead about six hours, indicating that he had lived for sometime after he was struck. An expert witness from the State Division of Criminal Investigation testified that the paint on the post that was struck by appellant's car and the paint on the fender of appellant's car were identical in color and general appearance with paint found on the clothing of the deceased; and the same witness also testified that the soil found on defendant's car was identical with soil found at the point on the highway where deceased was apparently struck.

In support of his contention that the evidence is in-

sufficient, appellant points out what he terms contradictions and inconsistencies in the testimony of various witnesses. It is apparent that the occupants of the car that appellant was driving were extremely unwilling witnesses for the People, but it is not possible to read the record without concluding that there is ample evidence to sustain the verdict of the jury. The argument of appellant upon this point is in effect an argument as to the weight of the evidence, and would be, and no doubt was, more properly directed to the jury. As was said by our Supreme Court in *People* v. *Newland,* 15 Cal.2d 678 at page 681 [104 P.2d 778]:

''The rule applicable where there is evidence, circumstantial or otherwise, that a crime has been committed and that the defendant was the perpetrator thereof, has been many times reiterated by the reviewing courts of this state as follows: The court on appeal 'will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. For it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. The determination of a charge in a criminal case involves proof of two distinct propositions: First, that the offense charged was committed, and second, that it was perpetrated by the person or persons accused thereof. . . . We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury. (*People* v. *Perkins,* 8 Cal.2d 502 [66 P.2d 631]; *People* v. *Tom Woo,* 181 Cal. 315 [184 P. 389]; also, *People* v. *Green,* 13 Cal.2d 37 [87 P.2d 821]; *People* v. *Latona,* 2 Cal.2d 714 [43 P.2d 260]; *People*

v. *Tedesco,* 1 Cal.2d 211 [34 P.2d 467]; *People* v. *Bresh,* 33 Cal.App.2d 161 [91 P.2d 193]; *People* v. *Wilson,* 33 Cal.App. 2d 194 [91 P.2d 207].)''

Applying the rule just stated to the case at bar, we believe that the record shows that appellant was driving the automobile that struck the deceased and that he knew he had struck a man but failed to stop.

Appellant's final contention is that the court erred in admitting a picture (Peo. Ex. No. 4) with a witness so placed therein as to draw attention to her presence without explanation, when the jury would be thereby led to believe that she was purporting to point out the location of the victim on the highway' whom she testified she had never seen. Appellant argues that the jury was misled by the photograph because it showed the witness, Vernice Ball, upon the highway and that her presence in the picture was not explained.

This contention of appellant is utterly devoid of merit. When this picture was introduced in evidence the constable was the witness upon the stand and he was asked if except for the girl in the picture it was a true representation of the conditions and surroundings on the Coast Line Highway near the northern boundary of Point Arena on the morning of April 19, 1943, and he answered that it was. Appellant's objection to its introduction was upon the ground that the witness was not qualified to identify the picture and that it was not properly identified. This objection was properly overruled by the court and the photograph was properly admitted in evidence as illustrative of the testimony of the witness. An examination of the photograph itself merely shows the highway and a girl standing in approximately the center thereof, and even if it were improperly admitted in evidence, which we, of course, do not hold, no possible prejudice could have resulted to appellant as it was only one of a series of six photographs, concerning the admission of the rest of which no complaint is made. Furthermore, appellant could have asked the court to instruct the jury that the presence of the girl in the picture had no bearing upon the case, but failed to do so. If such a request had been made the court would undoubtedly have so instructed the jury, even though it was stated at the time the photograph was offered that it was a true representation except for the girl in the picture.

Our conclusion is that the defendant was fairly tried, that the verdict of the jury was supported by ample evidence, and that the judgment and order should be and they are hereby affirmed.

Thompson, J., and Adams, P. J., concurred.