[Crim. No. 648.   Fourth Dist.   Mar. 17, 1947.]

THE PEOPLE, Respondent, v. ALBERT BURDETTE, Appellant.

Weddell & Petry and Chas. G. Potter for Appellant.

Fred N. Howser, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with assault with intent to commit rape and, in a second count, with robbery. Two prior convictions of felonies were also charged. He pleaded not guilty and denied the prior convictions. A jury having been waived, the court found him guilty on both counts, and further found that the allegations as to the prior convictions were true. Judgment was pronounced sentencing him to imprisonment on each count, the two sentences to run concurrently. From that judgment the defendant has appealed.

On the evening of June 28, 1946, Jose Mendoza and a Mrs. Tyler, having gone for a drive in Mendoza's automobile, parked the car in a field at the outskirts of San Bernardino. While they were sitting in the car, around 10 o'clock, a colored man approached and stuck an automatic pistol into Mendoza's side, threatening to shoot if he did not keep still. This man then took Mendoza's wallet from his pocket, took $27 in bills therefrom and returned the wallet. He then put the money in his pocket and flashed a flashlight into his victims' faces. He then went around the car to the side where Mrs. Tyler was sitting and opened the door. He slapped Mrs. Tyler in the face and pulled her, at least partially, from the car. He then, while still keeping the gun in his hand, did a number of things which it is unnecessary to describe, which are the basis of the charge and conviction of assault with intent to commit rape. He then left, telling his victims not to move until he had gone.

Mendoza and Mrs. Tyler went to a hospital and a complaint was then made to the sheriff's office. Early the next morning sheriff's deputies found shoe prints on both sides of the area where this car had been parked. They followed these footprints to the appellant's house, arriving there about six o'clock that morning. The appellant got up from bed to let the officers in. When asked as to what shoes he had worn on the previous evening he gave the officers a pair of shoes which corresponded identically with the shoe prints left around the car and leading to his house. The officers found a shotgun in appellant's house and when he was asked if that was the only gun he owned he replied that it was. Later, the officers found an automatic pistol with two clips of cartridges in a drawer in the appellant's bedroom. The appellant admitted that these belonged to him. An expert testified as to what he had found from a microscopic examination of various stains and particles found on the clothing of the appellant

and that of Mrs. Tyler, and of scrapings from underneath appellant's fingernails.

The appellant, who lived near the scene of the crime, denied any connection therewith, explained the footprints by saying he had been hunting rabbits in that area on the previous day, and by way of alibi attempted to prove that he had been asleep in his home at the time these crimes were committed.

This appeal is based entirely upon the insufficiency of the evidence, it being contended that the evidence is "incredible, improbable and unbelievable" and that it appears that the decision of the trial court was based upon his mistaken recollection as to certain facts.

With respect to the robbery charge, it is argued that the evidence that the appellant was the man who committed that offense is insufficient because Mendoza failed to identify the appellant as the man who committed the robbery. Mendoza testified that he had known and talked with the appellant before this incident occurred. He testified that he was not sure the appellant was the man, stating that after the light was flashed in his eyes he was unable to see the man well. At another time he stated that he did not think the defendant was the man. The difference between Mendoza's testimony at the trial and his earlier statements is quite noticeable and may have seemed significant to the judge in view of the prior acquaintance of this witness with the appellant. However, the appellant was positively identified by Mrs. Tyler as being the man in question and, in addition, there was considerable evidence which supports the same conclusion. Footprints were found at the scene of the crime which were traced by the officers to the appellant's home. His shoes corresponded with these footprints. An automatic pistol similar to the one used in the crime was found in his bedroom after he had denied having any gun except the shotgun. Thirty-four dollars in bills were found in the appellant's pockets, a part of them being of the denominations taken from Mendoza. There was also expert testimony based upon a microscopic examination of things found on the clothing and person of the appellant, and the clothing of Mrs. Tyler, which seems to have removed any possible doubt from the question of identity. No insufficiency of the evidence appears in this connection, much less any deficiency which would make it incredible or improbable.

■ It is further argued that there is no evidence that an attempt was made to commit rape on this occasion. It is unnecessary to set forth the full facts here. This contention is based upon the possibility that an inference could be drawn to the effect that the assailant on this occasion intended to secure sexual satisfaction by a means other than rape. If it be assumed that such an inference is possible the evidence, as a whole, amply justifies another inference which supports the finding and judgment in this connection. The evidence is fairly susceptible of an inference that the assailant attempted to commit rape and that he was prevented from executing his intent by an agency other than his victim, and by something which had gotten beyond his own control.

■ It is argued that the judge misunderstood and misconstrued the facts because he referred to certain testimony of Mendoza at the preliminary hearing; because he said a certain statement was made by the appellant's mother when it was actually made by the appellant's wife; because he thought there was a conflict between the appellant's testimony and that of his nephew who was put on to support his claim of an alibi; because he referred to the testimony of the expert witness as connecting the appellant with the crime; and because he stated the appellant's home was within a short distance of the scene of the crime. It is argued that the court was mistaken in some of these facts, that the testimony of Mendoza at the trial should govern, that there was no conflict between the testimony of the appellant and his nephew, and that there was no testimony that the scene of the crime and the appellant's home were only a short distance apart since the testimony showed they were at least three-quarters of a mile apart. While in his oral decision the trial judge made one or two slightly incorrect statements, they are entirely immaterial on any question raised on this appeal. There was a real conflict between the testimony of the appellant and that of his nephew, but that fact is of relatively small importance in view of the ample evidence as to the identity of the appellant. The trend of the judge's statement was to the effect that he would be inclined to find the defendant not guilty if he were considering the testimony of Mendoza alone, but that he found it impossible to do so in view of the other testimony which had been produced. There is nothing in the judge's statement which in any way indicates that he had any doubt as to the guilt of the appellant, or which in any way indicates that his decision was based upon or controlled

by any of the two or three incidental matters in which he incorrectly referred to the evidence.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 15, 1947.