[Crim. No. 2539.   First Dist., Div. Two.   Apr. 20, 1949.]

THE PEOPLE, Respondent, v. RAYMOND A. NEAL, Appellant.

Raymond A. Neal, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant was tried before a jury on an information charging burglary. The jury returned a verdict of guilty and determined it to be of the second degree. Though represented by counsel during the trial defendant prosecutes in propria persona his appeal from the judgment and from the order denying him a new trial.

A police officer while on patrol saw the defendant and one other in a tobacco shop at about 1:30 a. m. The shop was closed and the front door locked. Lights were on sufficient to enable the officer to recognize defendant. The two men saw the officer and ran to the rear door. The officer went down an alley to head them off. He found the rear door open and then heard a crash of glass as defendant jumped through the front window. He followed defendant down the street and made the arrest. Thereafter two buttons matching those on defendant's overcoat were found by the broken window, and a screwdriver matching the marks made in opening the rear door was found in defendant's pocket. When arrested defendant had an open cut on his left ear. He was taken to the emergency hospital for treatment. While defendant was at the Mission police station an officer brought in the two buttons found near the broken window. Two buttons were missing from defendant's overcoat. The two found at the store matched those remaining on the coat.

Defendant testified that he was a merchant seaman in port waiting for his ship. He spent the night drinking alone at taverns in the neighborhood of the premises and was walking past the store when a man came through the window, knocked

him down, and gave him a blow with his fist. Defendant ran after his assailant, but there were so many people on the street at that late hour that the assailant was lost in the crowd and the pursuing police officer seized defendant for the purpose of making an arrest of someone in order to protect his friend the storekeeper in his illegal operations as a bookmaker. He attempted to prove this relation by cross-examination of the two parties.

The foregoing statement discloses substantial evidence to support the verdict. In fact the argument of appellant does not go to the question of sufficiency of the evidence, but is directed to the claim that the greater portion of the evidence should be disbelieved.

■ The appellant next argues a charge of misconduct which presents a most peculiar situation since if misconduct occurred it was of his own making. During the cross-examination of the complaining witness, appellant's counsel sought by innuendo to imply that the storekeeper was engaged in bookmaking and gambling and that the arresting officer might have had knowledge of such activities. He conceded that he had no evidence of those facts and could develop them only by cross-examining the witness and the police officer. He gave at the time the impression that he was merely casting aspersions on the witnesses. Objections to his questions were sustained but he referred to it again in his argument to the jury. The district attorney replied to this argument and appellant now argues that such reply was misconduct. No objection was made by appellant at the time of the argument and there was no request for an admonition. But if this were misconduct it was all invited by appellant. He may not complain at this time. (*People* v. *Deysher*, 2 Cal.2d 141, 152 [40 P.2d 259] ; *People* v. *Rinesmith*, 40 Cal.App.2d 786, 792 [105 P.2d 1021].)

Other charges of misconduct do not merit consideration.

■ Error is assigned in the rulings on the cross-examination of the complaining witness on this same subject of gambling activities and on the cross-examination of the arresting officer. If any error occurred on the original rulings it was cured by the court's offer to reopen the case and to permit the examination for the purpose of showing bias. Counsel for appellant refused the offer, stating that he had no information supporting his suspicion. The incident does not warrant further comment except that a defendant in a criminal case should be bound by the rule applicable to all other trials—

that when he invites error in the trial court and refuses to permit a correction there, he should not be permitted to take advantage of it on appeal.

Judgment and order affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 19, 1949.