[Crim. No. 2167.   Third Dist.   May 16, 1950.]

THE PEOPLE, Respondent, v. GEORGE ALLEN HUDSON, Appellant.

Robert C. Schiffner for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant was found guilty by the court of grand theft of a steer as charged in an information filed by the District Attorney of Nevada County. He now appeals from that judgment and from the order denying his motion for a new trial.

Three contentions are made: (1) that the circumstantial evidence rule demands a reversal, (2) that there is no evidence, direct or otherwise, that identified defendant or showed that he was at any time in possession of the alleged stolen property, and (3) that by reason of the trial court's erroneous consideration of matters not properly in evidence the court thereby disclosed such bias and prejudice as would constitute reversible error.

Summarizing the evidence in the light most favorable to respondent it appears that on April 8, 1949, at about 7:30 p. m. one Palmerson and his son were checking cattle grazing

in the Camp Beale area located between Nevada City and Marysville. As they started home, after observing that the gates were closed, they noticed a car approaching at a slow rate of speed. It was described as "an old blue car without any bumpers" and that its license number was 19-A-2202. They followed the car for some distance and it appeared to them to be loaded—the fenders were "right down on the tires." As they pulled alongside of the car they observed two men riding in the front seat. The driver refused to stop when they called to him to do so and forced them to the side of the road as he increased the speed of the car. The blue car was followed until it crashed through a gate at Camp Beale at a speed which was estimated to be in excess of 50 miles an hour. On the same evening and approximately an hour thereafter a car with the same license number and description was seen traveling easterly in the direction of Grass Valley. It was followed to where it stopped in the driveway of a house near that city. Two men were observed standing beside it. Shortly thereafter the car was driven from where it was parked to the town of Rough and Ready. On the same day at about the hour of 11 o'clock p. m. a car bearing the same license number was apprehended in the city of Marysville by the sheriff of Yuba county. The appellant was riding as a passenger therein and a brother was driving. The front grille of the car was damaged and the glass of the right front headlight was broken. A .22 caliber rifle and hunting knife were found in the car. Reddish stains were on the inside of the rear doors and on the left rear fender. The following morning the carcass of a Hereford steer was found in the Camp Beale area about 4 or 5 miles from where the head, with a bullet in it, and the entrails of the animal were discovered. The animal had been hacked in two crosswise in the middle of the back. It weighed approximately 900 to 1,000 pounds with the hind quarters weighing approximately 275 pounds, and according to the owner who identified the animal one person would not have loaded the hind quarters into the car. The skin and head matched the remainder of the carcass. The owner further testified that in his opinion the steer had been killed within 12 to 18 hours of the time he saw it at noon on April 9th. David Burd, a state chemist, who was called by the prosecution, testified that the stains on appellant's shirt and shoes, which he was wearing at the time he was apprehended, were bloodstains of a bovine animal; that a glove found in the car contained bloodstains which matched a like

stained glove found beside the carcass; that bovine blood and bovine hair were present on the blade of a knife which was found in the car, and that the broken glass found by the wrecked gate matched the glass of the broken headlight on the car. There was further testimony that a portion of the muffler found by the carcass of the steer matched the joint of the car where the muffler had been broken off.

Appellant did not testify in his own behalf. When arrested he told the officers that he and his brother were together from the time he left Sacramento, around 1 or 2 o'clock on the afternoon of April 8th seeking another brother who was supposed to be cutting wood in the vicinity of Grass Valley, until the time they were apprehended. Later when inquiry was made concerning the blood on his clothing he replied that he had been in a fight at a tavern near Marysville, that after leaving the tavern he had some whiskey, and that he then passed out and remembered nothing until he and his brother were arrested.

■ Defendant, in support of his first contention, argues that not only was all of the evidence against him wholly circumstantial but insufficient as well, and since under such evidence the trial court could have consistently found that he did not commit the crime charged, this court must apply the circumstantial evidence rule as set forth in *People* v. *Lamson*, 1 Cal.2d 648 [36 P.2d 361], *People* v. *Staples*, 149 Cal. 405 [86 P. 886], and *People* v. *Yoder*, 35 Cal.App.2d 347 [95 P.2d 470], and reverse his judgment of conviction.

We find no merit in such contention. In the later case of *People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778], the Supreme Court first limited the rule as stated in the Staples case to those cases where the "reviewing court as a matter of law must conclude that there is no evidence, circumstantial or otherwise, that a crime has been committed, and therefore the evidence of guilt is insufficient." The court then pointed out that the Lamson case is authority for nothing except the reversal of the judgment therein since it was only on that point that there was a concurrence of a majority of the court, and therefore any approval of the rule as stated in the Staples case could not "be considered an adjudication or an effective approval of the declaration" of the rule as stated in that case. Finally the court disapproved of anything contained in the Yoder case inconsistent with its views as to the true enunciation of the rule which it stated was that in cases such

as the present ''where there is evidence, substantial or otherwise, that a crime has been committed and that the defendant was the perpetrator thereof . . . [the] court on appeal 'will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. For it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below . . . '.'' In conclusion the court held that ''If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury. (*People* v. *Perkins,* 8 Cal.2d 502 [66 P.2d 631] ; *People* v. *Tom Woo,* 181 Cal. 315 [184 P. 389] ; also, *People* v. *Green,* 13 Cal.2d 37 [87 P.2d 821] ; *People* v. *Latona,* 2 Cal.2d 714 [43 P.2d 260] ; *People* v. *Tedesco,* 1 Cal.2d 211 [34 P.2d 467] ; *People* v. *Bresh,* 33 Cal.App.2d 161 [91 P.2d 193] ; *People* v. *Wilson,* 33 Cal.App.2d 194 [91 P.2d 207].)''

Applying the rule as stated to the facts in the present case we cannot say that the evidence is not sufficient to support the trial court's conclusion that defendant was guilty of grand theft.

The second contention made by defendant, that the evidence was insufficient to support the judgment of the trial court, is likewise without merit and for the same reasons heretofore stated concerning the question raised in defendant's first contention.

Appellant's final contention is predicated upon certain quoted comments of the trial judge which he argues show that the court erroneously considered matters not properly in evidence, and for that reason exhibited such bias and prejudice as to constitute prejudicial error.

Our examination of the quoted excerpts does not support defendant's contentions but to the contrary leads us to the conclusion that such comments were but the personal observations of the court on the facts and circumstances of the case and did not exhibit bias or prejudice on his part. Whatever

may have been the expressed attitude of the trial judge as to the evidence presented or whatever may have been his opinion as to the law is of no concern to this court. "In the course of the trial the court may entertain an erroneous opinion as to the law and tentative but wrong opinion as to fact, and give expression thereto. None of these matters have any place upon appeal. In a criminal case tried by a judge alone an appellate tribunal will affirm or reverse the judgment of conviction upon errors of law alone. If errors of law in admitting or rejecting evidence have prevented a fair trial, or if the evidence does not support it, the judgment of conviction will be reversed. The court will not examine the trial court's remarks to discover whether or not it mentally applied the correct law as the case unfolded itself, or whether after completion of the evidence and argument it applied the correct law or reasoning in arriving at a judgment." (*People* v. *Grana,* 1 Cal.2d 565, 571 [36 P.2d 375] ; see, also, *People* v. *Lindsey,* 90 Cal.App.2d 558 [203 P.2d 572].)

Examining the quoted excerpts from the comments of the trial court in light of the rule as stated in the Grana case we find nothing to support defendant's contention. Furthermore it should be noted that this question is being raised for the first time on appeal. The record discloses no objections by defendant during the course of the trial to any of the comments of the court.

For the foregoing reasons the judgment and order are affirmed.

Adams, P. J., and Sparks, J. pro tem., concurred.