[Crim. No. 6394.   Second Dist., Div. Two.   Jan. 13, 1959.]

THE PEOPLE, Respondent, v. CARLOS FERNANDO LUJAN, Appellant.

Manuel Valenzuela and Julius Weled for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

ASHBURN, J.—Appeal from judgment of conviction of possession of narcotics in violation of section 11500, Health and Safety Code. It is claimed that the evidence is insufficient to support the finding of guilty and that the court committed error in sentencing the defendant.

Viewing the evidence in the light of the rules declared in *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778], and a host of later cases declaring the same principles, there remains no doubt of its sufficiency to support a conviction. Having been informed that one Lopez was using his place at 2210½ South San Pedro Street, Los Angeles, for the meeting of narcotic addicts and was there selling narcotics to them, the police at 1 a. m. on February 8, 1958, entered those premises and placed all occupants under arrest. One of them was defendant Lujan. His eyes were glassy, pupils beady, and he was sniffling like he had a cold. One of the arresting officers, who was stipulated to be an expert on the subject, testified that defendant then was under the influence of a narcotic. He asked defendant if he was an addict and defendant said he was. Asked to show his arms, defendant did so and the officer observed puncture wounds on the right one. The officer saw defendant drop a key into a waste basket and took it into

his possession. It bore the name and address of the Richard Hotel and had on it room number 55. Questioned about it, defendant said it was the key to his room. The officers took him to that hotel, asked him if they could search his room, and he replied in the affirmative. As Officers Breckenridge and Uno entered the latter went to an upholstered chair, turned over the cushion and found in the seat a box containing empty capsules, an eyedropper, hypodermic needle, spoon and a rubber contraceptive containing a powdery white substance which proved to be 70 grains of heroin. In a medicine cabinet was a can of lactose. In a desk drawer were found measuring spoons and under the mattress a white handkerchief folded in such manner as to be usuable as a tourniquet. There was also found in the desk drawer a rent receipt which bore date of February 1, 1958, and acknowledged receipt from Carlos Lujan of nine dollars for rent of room 55 "from 2-1 to 2-8." The officers found no clothing or personal belongings in the room. No other person had rented it for that period and there is no evidence of its use by anyone other than defendant.

He testified in his own behalf, claiming that he moved out of room 55 the day before the arrest and that he did not own or know anything about the narcotic and the paraphernalia which were found in room 55. He said that he had rented the room and when his rent was up he just walked out and failed to turn in the key; that his clothes were at his home, 3407 Blanchard Street, and he had no personal belongings at the hotel; also, that he did not drop the key in the waste basket and that the officers took it off his person.

The prosecution had the burden of proving possession, actual or constructive (*People* v. *White*, 50 Cal.2d 428, 431 [325 P.2d 985]), and knowledge of the nature of the contraband on the part of defendant, which knowledge like any other issue may be proved circumstantially (*People* v. *Blinks*, 158 Cal.App.2d 264, 267 [322 P.2d 466] ; *People* v. *Magdaleno*, 158 Cal.App.2d 48, 51 [322 P.2d 89] ) ; the question of reasonable doubt is for the trial court, not the appellate tribunal (*People* v. *Poindexter*, 51 Cal.2d 142, 147-148 [330 P.2d 763] ).

Counsel for appellant emphasizes the claim that defendant was not shown to have had any connection with the heroin because he had moved out of the hotel room on the previous day. Only defendant's testimony supports that assertion and the trial judge rejected it, not without reason. Appellant had a home of his own but had rented a room in this hotel at previous times; it does not appear that he had

taken any of his clothes or personal belongings to the room on this occasion; his rent receipt gave him a right of occupancy through the eighth of February, or until some prescribed hour of that day; certainly his time had not expired at 1 a. m.; no one else was occupying the room at the time of search or for almost a week prior to that event. Defendant did not check out at the hotel. He said he just walked out. The key was in his pocket at the time of arrest but he surreptitiously sought to rid himself of it before a search of his person began. He was a confessed addict and was under the influence of a narcotic at the time of his arrest and the later search of his room. His constructive possession of the drug and the equipment for its injection is the natural conclusion from the evidence, as is an intention on his part to return to the room. His knowledge of the nature of the hidden objects is equally clear from the evidence accepted by the court. The proof is amply sufficient to support the conviction.

At the time of hearing of application for probation and sentencing of defendant the trial judge made some remarks which indicate a momentary confusion as to the identity of the defendant and appellant claims prejudice ensuing therefrom. Appellant was charged with a prior felony, violation of section 503, Vehicle Code, and that was found to be true. Probation was denied and defendant was sentenced to the state prison for the term prescribed by law.

Before imposing sentence the judge said: "Well, this was an establishment which was under the control of the defendant, if I remember rightly," and the attorney then representing appellant replied: "That is correct." Thus appellant was precluded from complaining if the court perchance proceeded further upon that faulty assumption. But the court, in sentencing this defendant, adhered to the record, recited the facts correctly and properly sentenced him to state prison for the term prescribed by law. The court also remarked: "In addition to these more formal matters, the record shows that the defendant has a considerable police record here, in addition to the matter just referred to." Section 11712 prescribes as punishment for a first conviction of possession of narcotics imprisonment in the county jail for not more than a year or in the state prison for not more than 10 years. The sentence imposed here was undoubtedly a lawful one and any remarks made by the judge tending to reveal incorrect reasoning on his part in reaching a correct result are to be ignored; it is the correctness of the judgment that must control, not the

108

reasoning lying back of it. (*People* v. *Grana,* 1 Cal.2d. 565, 571 [36 P.2d 375] ; *People* v. *Lindsey,* 90 Cal.App.2d 558, 564 [203 P.2d 572] ; *People* v. *Hudson,* 97 Cal.App.2d 572, 577 [218 P.2d 60] ; *People* v. *Henry,* 86 Cal.App.2d 785, 790 [195 P.2d 478] ; *People* v. *Burdette,* 78 Cal.App.2d 591, 594 [178 P.2d 8].) Appellant was clearly guilty of the charge upon which he was convicted. There was no miscarriage of justice in sentencing him to the penitentiary.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.