[Crim. No. 248.   First Appellate District.—August 2, 1910.]

## THE PEOPLE, Respondent, v. CHARLES SCHWARTZ, Appellant.

CRIMINAL LAW—RECORDING BET ON BASEBALL GAME—SUFFICIENCY OF INFORMATION.—An information charging that, at a certain game of baseball played between competing clubs, the defendant offered to bet with the spectators or any of them at certain odds against one of the clubs, on a specified contingency, and that, upon the offer being accepted by a named spectator, and a bet made, the defendant "received and recorded said bet," states an offense within section 337a of the Penal Code.

ID.—CONSTRUCTION OF INFORMATION—PUBLIC OFFER TO BET—PUBLIC BET RECORDED.—A fair construction of the language used in the information is that the defendant was engaged publicly in offering to bet with any and all comers, and that the bet charged to have

been recorded was a' bet of that character, which comes within the language and intent of the act. The charge that defendant "received and recorded said bet" is to be construed with the context and as violating that portion of the act.

ID.—SUFFICIENCY OF EVIDENCE AS TO RECORD OF BET—MEMORANDUM DESTROYED UPON ARREST—INFERENCE BY JURY.—Evidence showing in effect that at the time when the bet was made the defendant made a memorandum thereof on a piece of paper, and that when the arresting officer attempted to get this paper the defendant tore it in pieces, was sufficient to warrant the jury in inferring that the defendant recorded the bet, notwithstanding both the defendant and the person with whom he made the bet controverted the evidence. It was for the jury to weigh the evidence on' both sides, and having concluded from the acts testified to that the bet was recorded, this court has no power or inclination to interfere with the verdict.

ID.—EVIDENCE — BUSINESS OF BOOKMAKING — ILLUMINATION OF ACT CHARGED.—Evidence was admissible to show that during various other innings of the game the defendant was engaged in the business of bookmaking, and recording other bets of a similar character to the act charged, as illuminating the act charged, and showing the true character.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

T. I. Fitzpatrick, and John J. Greeley, for Appellant.

U. S. Webb, Attorney General, C. M. Fickert, District Attorney, and Maxwell McNutt, Assistant District Attorney, for Respondent.

KERRIGAN, J.—The defendant was informed against by the district attorney of the city and county of San Francisco, charged with a violation of the provisions of section 337a of the Penal Code. He was tried, convicted and sentenced to imprisonment in· the county jail for the term of thirty days. This appeal is from the judgment.

In substance the information charges that at a certain game of baseball played between the San Francisco and Oakland baseball clubs, the defendant offered to bet with the spectators, or any of them, at the ratio of three and one-half to one that the San Francisco baseball club would not score in the eighth inning of said game; that John Liebold, one of the

spectators, accepted the offer, and a bet at the odds mentioned was then and there made, whereupon defendant "received and recorded said bet," and subsequently, the San Francisco baseball club having scored in the eighth inning, the defendant paid the amount of the bet.

The first question raised by appellant is whether the facts stated in the information constitute a public offense. The information is founded upon that portion of said section 337a which reads as follows: "Every person . . . who records or registers bets or wagers, or sells pools upon the result of any trial or contest of skill . . . or of any lot, chance, casualty, unknown or contingent event whatsoever . . . is punishable by imprisonment in a county jail or state prison for a period of not less than thirty days or not exceeding one year."

As just stated, it is charged that the defendant offered to bet with the spectators, or any of them, at a certain baseball game at given odds on a named contingency, and upon the offer being accepted by one of the spectators he registered or recorded the bet. We think the fair interpretation of this language is that the defendant was engaged publicly in offering to bet with any and all comers, and that the bet charged to have been recorded was a bet of that character. This character of betting, we believe, comes within the language and intent of the act. The language of the information that the defendant "received and recorded said bet" is to be construed in connection with the context; and as thus construed we have no hesitation in holding that a violation of the portion of the act quoted is charged.

It is next contended that the evidence does not show that the defendant recorded the bet. With this we cannot agree. It shows in effect that at the time the bet was made the defendant made a memorandum on a piece of paper; that upon the arresting officer attempting to get this paper the defendant tore it to pieces. This evidence was sufficient to warrant the jury in inferring that the defendant recorded the bet. It is true that the defendant and the person with whom he made the bet controverted this evidence; but the jury weighed the testimony on both sides, and having reached the conclusion from the acts testified to that the bet was registered, we have no power or inclination to interfere. The evi-

dence in all respects is sufficient to sustain the allegations of the information. Evidence was introduced to show that during various innings of the game the defendant went among the spectators and made certain offers to bet. One witness testified that commencing about the second inning the accused would walk back and forth among the spectators and say, "Three and a half to one that the San Francisco won't score." A number of men in the crowd would say, for example, "Give me a dollar," and some would hold up two fingers, and some would say, "Make it five." The next inning he would repeat the same thing, walking back and forth, calling out, "Three and a half to one they won't score." In the eighth inning he did the same thing.

Defendant claims that this testimony was inadmissible; and while it went in without any objection from him being interposed, nevertheless, he asserts that his motion to strike it out should have been granted. But this evidence tended to show that the defendant was actually engaged in the business of bookmaking, and the acts referred to being similar to the one averred in the information, and having been committed at about the same time, illuminated the act charged, and were admissible to show the true character of the act charged.

No error was committed by the trial court in its refusal to give certain instructions requested by defendant.

The judgment is affirmed.

Cooper, P. J., and Hall, J., concurred.