[Crim. No. 3119. Second Appellate District, Division Two.—July 21, 1938.]

THE PEOPLE, Respondent, v. WILLIAM KAHN, Appellant.

Freedman, Christlieb & Alexander for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was accused by information of the crime of the violation of section 337a, subdivision 3, of the Penal Code, in that he unlawfully received money to be wagered upon a horse race. At a trial before the court without a jury defendant was found guilty and now prosecutes this appeal from the judgment of conviction.

Defendant contends that the evidence is insufficient to justify the conviction. In their opening brief counsel for

defendant fairly and frankly set forth the testimony given by the arresting officer in his direct examination: "Edward L. Newton testified as follows: That on or about the 11th day of January, 1938, he observed the defendant on a public sidewalk in the vicinity of 1650 No. Vine Street; that he commenced observing him at about five minutes of twelve and placed him under arrest about fifteen minutes after twelve; that the defendant was standing next to the curbing and different men would come up to the defendant and give him bills (paper money); that the defendant would then put the money in his pocket, make notations on a tablet he carried in his hand, disappear for two or three minutes and come back to the curb again. That he took from the defendant's pocket a 'National Scratch Sheet,' which the defendant previously looked at once in a while; that while he (Newton) was standing alongside the defendant, one Ruby Goldie came up to the defendant and said to the defendant, 'One dollar to win on horse 94, Bernard F,'. That on that date there was a purported horse race at Tropical Park, Florida, in which there was a purported horse named 'Bernard F.' running; that the defendant put the dollar bill given to him by Goldie in his pocket; that the defendant made the notation '94' and then '1' under the first column of a tablet; that he placed the defendant under arrest and the following occurred: 'A. I asked him who he was working for, and he said he wasn't working for anyone; he wasn't working for anyone right now. He was running his own book. I asked him why he had all that money on him. He said, well, he always kept enough on him to do his own paying off; and at the time of the arrest he had $355.00 on him.'" From the testimony just quoted it is manifest that the evidence is sufficient to justify the conviction.

Defendant contends that Officer Newton's testimony concerning the conversation between defendant and Goldie, was erroneously received, arguing that the testimony is hearsay. There is no merit in this contention. The conversation took place at the scene of and at the time of the offense charged. It constituted a part of the transaction. (Sec. 1850, Code Civ. Proc.)

The judgment is affirmed.

Crail, P. J., and McComb, J., concurred.