[Crim. No. 4236.   In Bank.—May 1, 1940.]

THE PEOPLE, Respondent, v. JACK RYAN, Appellant.

S. W. Thompson for Appellant.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

PULLEN, J., *pro tem.*—Appellant, with others, was jointly charged with violating subdivision 2 of section 337a of the

Penal Code. Ryan was found guilty. From an order denying a motion for a new trial, an appeal was taken to the District Court of Appeal. The transcript of the proceedings of the trial court as presented to the appellate court clearly showed that at the time of pronouncing judgment the court found appellant guilty of a violation of subdivision 3, section 337a, of the Penal Code. The appellate court, in reviewing the record, held the judgment defective because the defendant had been adjudged guilty of an offense not alleged in the information, and thereupon reversed the trial court.

Thereafter, the People filed a petition for a hearing before this court, which petition was granted. Following the granting of the petition for a hearing, the attorney-general, upon behalf of the state, presented a motion for diminution of the record based upon an affidavit of the official court reporter who reported all the proceedings had at the trial of Ryan in the superior court, and affiant declared that the transcript wherever it purported to say that the trial court found the defendant then guilty of a violation of subdivision 3 of section 337a of the Penal Code, was a mistake in transcription, and that the court stated, and the transcript should have read "Subdivision 2" of said section.

Upon the hearing of the motion this court granted the same and issued an order correcting the record upon which the District Court acted, so that the only point considered and acted upon by that court is not now in the record, nor is the point now before us. We are satisfied that if the amended and corrected record had been presented to the District Court, that tribunal would have reached the same conclusion that we now find to be decisive of the appeal.

The point here presented is that the evidence is insufficient to support the verdict and that the same is contrary to the evidence.

The evidence submitted to the trial court, sitting without a jury, was, briefly, that two officers went to a certain dwelling house in Los Angeles, and upon looking through a window, saw the defendant Ryan seated at a table in a rear room, upon which table were telephones, an amplifier, papers and other paraphernalia; the officers observed Ryan answering a telephone and making certain notations on a paper lying on a table before him. Upon demanding admission, Ryan, and

the other men who were in the room, left that room and went into another part of the house. Upon examining the room in question the officers found certain papers known among racing men as betting markers or betting records, four telephones and an amplifier, an adding machine, and a rack in which were filed a number of betting records. They placed Ryan under arrest, and he then told the arresting officers that that was his home and that he would take the "rap". He also stated he had been operating for several months, although not continuously—that sometimes his play was not heavy enough to justify remaining open.

Defendant was charged with a violation of subdivision 2 of section 337a of the Penal Code, which provides that every person "who . . . keeps or occupies . . . any room . . . with . . . book, . . . papers, apparatus, device or paraphernalia for the purpose of recording or registering . . . bets . . . or wagers . . . upon the result . . . of any trial, . . . , or contest . . . of skill, speed or power of endurance of man or beast . . . is punishable . . . ".

For the purpose of this appeal appellant admits the evidence before the court showed that in a house which defendant Ryan occupied the officers found certain paraphernalia that is usually kept and found in places where the wagering on horse racing is carried on, but contended that proof alone of the occupancy of a place "with books and paraphernalia" which might have been used for the purposes prohibited by section 337a of the Penal Code is not sufficient, but that the proof must further show that the place was occupied for the purpose of recording or registering bets or selling pools upon the result of the prohibited contests. In other words, does the prepositional phrase "for the purpose of recording or registering any bet" modify "occupies" or does it modify the phrase "with a book . . . paper . . . apparatus . . . or paraphernalia?" If the latter construction is correct then it is the paraphernalia and apparatus which must be for the purpose of recording a bet, and not the occupying, for the purpose of recording or registering the bets.

Support for the contention of appellant is found in *People* v. *Tuttle,* 27 Cal. App. (2d) 647 [81 Pac. (2d) 571], wherein the court said: "Although it was incumbent upon the prosecution to prove that the room was kept for the purpose set

forth in the Code provision it was not necessary to make the proof by direct evidence.''

█ In view of the abundance of the evidence that the room was kept by defendant for the acts prescribed by the statute we need not approve nor disapprove the construction of the language placed thereon by the court in that case, for here the circumstantial evidence is sufficient to support the finding that the room was kept for the purpose of accepting wagers on a horse race. The usual equipment was found therein; a horse race was being announced over the loud speaker when the officers gained admission to the room; defendant was seated at a desk, pencil in hand, talking over the telephone; he attempted to run out of the room but was interrupted by the officers; and his admission tended to connect him directly with the establishment and the activities there being carried on.

The evidence is ample to support the verdict. The judgment is affirmed.

Shenk, J., Curtis, J., Houser, J., Edmonds, J., and Waste, C. J., concurred.