[Crim. No. 3475.   Second Dist., Div. One.   July 28, 1941.]

THE PEOPLE, Respondent, v. JACK L. HART et al.,
Appellants.

Wyman G. Reynolds for Appellants.

Earl Warren, Attorney General, and Lewis Drucker, Deputy Attorney General, for Respondent.

YORK, P. J.—Appellants were charged in an information containing three counts with violations of subdivisions 3, 4 and 6 of section 337a of the Penal Code, in that they received, recorded and accepted bets on horseraces outside the enclosure of a racetrack. Trial was had without a jury and upon stipulation the transcript of the testimony taken at the preliminary hearing was considered by the trial judge, who found appellants guilty as charged. Motion for new trial having been denied, appellants were sentenced to the county jail for a term of six months on each count, such sentences to run concurrently. This appeal is prosecuted "from the order of judgment and sentence," upon the grounds: (1) Insufficiency of the evidence to sustain the judgment of conviction; (2) that the judgment is contrary to the law and the evidence; (3) that the court erred in its decisions on questions of law arising during the course of the trial; (4) that the deputy district attorney prejudicially misconducted himself during the trial.

Appellants urge that the evidence is wholly insufficient to establish the *corpus delicti* of the offenses charged in the information.

As is usual in cases of this character, the only evidence adduced at the trial was the testimony of the arresting officers. Police officer Betterton testified that on January 15, 1941, while walking near the entrance to the Dome Bowling Alley in the city of Santa Monica, he "observed Jack Hart making a notation, consulting a scratch sheet and accepting the sum of fifty cents in money from a party he was talking to," and, although he heard none of the conversation, he "took Jack Hart into custody and took his note book and the scratch sheet" from him. Hart was searched and from his pockets were taken two slips of paper containing names of horses, a National Scratch Sheet dated January 15, as well as seven sheets of paper which appeared to have been torn from the notebook and which contained the numbers of horses and notations of the amounts bet after each number. In addition, there was taken from appellant Hart's possession the Los Angeles edition of the official race entries, commonly known as a bootleg scratch sheet. The police officer testified he saw appellant Hart make the notation "344 ½ XX Otto" which he interpreted to mean as follows: "344 is a horse by the name of 'Chaldese' running in the sixth race at Santa Anita

. . . ½ means fifty cents to win; . . . (XX) means there was no bet on the place, or no bet on the show. (Otto) would be the name of the party betting.'' Also, that the number 344 and other numbers recorded on the page of the notebook for January 15, 1941, corresponded with the numbers on the scratch sheet. This officer also testified that ''Approximately at 4:10 I went over to . . . the Best Drug Store located at Pier and Speedway. On approaching the soda fountain I noticed the defendant Maser sitting at the counter accepting two one dollar bills and making notations in a notebook. I placed the defendant in custody and took him to deputy Paxton for searching and further questioning. Upon checking this notebook, the last notations that he was making in his notebook corresponded to the names and numbers of a horse bet by Deputy Bowen immediately before this Maser was taken into custody.'' Officer Betterton also found in Maser's pockets, in addition to the scratch sheets, another notebook containing records of bets and results on horseraces; the scratch sheets containing pencil notations of the results of various horseraces.

Officer Bowen, a deputy sheriff, testified that prior to the arrest of appellant Hart, he observed that Hart was being contacted by various people, and that he saw one man pass paper money to Hart; that a minute or two later, said officer saw a man come out of the poolhall, approach Hart and say, ''Don't take any more on this one''; whereupon Hart nodded his head in response. Officer Bowen then went into the poolhall, became acquainted with the man who was looking at a racing form and after some conversation with him, the officer gave him a dollar to bet on a horse named ''Vain Bo''. This man left the poolhall, went across the street to the drug store and gave the dollar to appellant Maser, officer Bowen following him and observing the transaction. Immediately thereafter, officer Betterton stepped up and arrested appellant Maser.

Officer Paxton, a deputy sheriff, testified both appellants were turned over to him for searching; that he took them into the poolhall and they laid their possessions on the pool table; that ''about that time an elderly man came up to the defendant Hart and said 'I would like to make a bet on the eighth race,' and at that time I told this elderly man that it was too late, and I showed him my badge. He says, 'What do you mean it is too late? The eighth race hasn't been run yet,' and at that time Hart and Maser started laughing back and

forth at each other and said, 'It is all over for today.' At that time the elderly man caught on and left.''

In support of their contention that the *corpus delicti* was not proved, appellants rely upon the case of *People* v. *Newman,* 37 Cal. App. (2d) 627 [99 Pac. (2d) 1067]. That case is easily distinguishable from the instant cause. In the Newman case there was a complete failure to identify through competent evidence the slips of paper containing betting notations as being the property of or in the possession of the defendant, while in the case at bar the incriminating notations were positively identified as being in the possession of appellants at the time of their arrest. Moreover, officer Betterton saw appellant Hart make the notation "344½ XX Otto," hereinbefore referred to. Likewise, said officer saw appellant Maser accept two one dollar bills and make notations in his notebook and later, when the notebook was checked, it was found that the last notations made therein corresponded to the bet made by officer Bowen on Vain Bo just prior to Maser's arrest.

We are satisfied that the evidence is sufficient to sustain the convictions and that appellants' claim that the *corpus delicti* was not established is without merit. **[2]** It is not necessary that proof beyond a reasonable doubt be offered to establish the *corpus delicti.* All that is required is a *prima facie* showing. (*People* v. *Taylor,* 40 Cal. App. (2d) 324 [104 Pac. (2d) 846], and cases therein cited.)

In connection with their third point, appellants claim that the ''court erred in receiving evidence which reflected that the defendants might have committed other crimes than as here charged.'' This contention is primarily based upon the introduction into evidence of the notebooks containing notations relating to records of bets on horseraces upon days prior to their arrest. The rule against the admission of evidence of other crimes does not exclude such evidence when it tends to prove any fact necessary or pertinent to the proof of the crime for which a defendant is being tried. (*People* v. *Burkhart,* 211 Cal. 726, 731 [297 Pac. 11].) See, also, *People* v. *Schwartz,* 14 Cal. App. 9, 12 [110 Pac. 969].

Appellants present no argument with respect to their final point, i. e., misconduct of the deputy district attorney, and therefore, it must be assumed that they decided to abandon it.

The appeal from the sentence is dismissed.   The judgments of conviction are affirmed.

Doran, J., and White, J., concurred.