[Crim. No. 3573. Second Dist., Div. Two. July 24, 1942.]

THE PEOPLE, Respondent, v. MIKE ABRAHAM, Appellant.

George Stahlman for Appellant.

Earl Warren, Attorney General, and Eugene M. Elson, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 337a, subdivision 3, of the Penal Code after trial before the court without a jury, defendant appeals. There is also an appeal from the order denying defendant's motion for a new trial.

 The evidence being viewed in the light most favorable to the People (respondent) the essential facts are:

Officer Stewart Jones stated that he saw defendant on or about September 22, 1941, on the sidewalk between Broadway and Hill on Fifth Street in the city of Los Angeles; that he, Officer Jones, in company with Officer Allen had driven around the block several times and saw defendant contacting a man and woman who were looking at a newspaper and he saw the man and woman hand defendant some money; that the officers drove around the block a second time and saw a young man motion to defendant and that defendant approached him; that Officer Jones stepped out of the car and stood behind a pillar and watched the two men talking and saw them looking at a scratch sheet defendant had in his hand; that he saw the young man hand defendant some United States currency; that defendant then walked west on Fifth Street and as he did so he, Officer Jones, followed him and saw him making a notation on a scratch sheet with a pencil opposite the "sixth race at Hawthorne"; that defendant then walked to a cigar stand at the corner of Fifth and Hill, went to a telephone, inserted a nickel, dialed a number, and hung the telephone receiver up; that he, Officer Jones, waited outside while the defendant inserted another nickel and dialed the telephone; that a moment or two later defendant moved from the telephone to the cigar counter, where, with a scratch sheet in his hand he was placed under arrest. The witness then stated that he went to the telephone where defendant had been and on the bell box underneath the telephone he found several other scratch sheets for previous dates. Defendant had $151.50 in his possession when arrested. The witness stated further when shown a scratch sheet that it was the one upon which defendant had made a

566

notation and that after the sixth race was the name "Prairie Dog" and the initials "J. J."

After establishing himself as an expert upon the subject, the witness testified that the initials "J. J." upon the scratch sheet indicated a person or player's initials and that the person making the bet places those initials on the scratch sheet in a position so that it will indicate to him whether the bet was to win or otherwise; that if it was a win bet the initials would be placed in front of the horse's name, if a place bet behind the horse's name, if the amount bet is $1.00 there is just one initial, if it is a $2.00 bet the initial is written and above the initial a small "2" or other amount bet is placed.

Defendant relies for reversal of the judgment on the ground *that there is no substantial evidence to sustain the conviction.*

This proposition is untenable, in view of the decision of our Supreme Court in *People* v. *Newland,* 15 Cal. (2d) 678 [104 P. (2d) 778], and the decision in *People* v. *Kahn,* 27 Cal. App. (2d) 645 [81 P. (2d) 632]. In the two cases cited the evidence was no stronger than in the instant case, nevertheless the convictions were sustained, in one case by the Supreme Court and in the other by this court.

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., concurred.