[Crim. No. 3669.   Second Dist., Div. Two.   Apr. 13, 1943.]

THE PEOPLE, Respondent, v. MARTY M. ABRAMS, Appellant.

Max M. Solomon for Appellant.

Earl Warren, Attorney General, and Lewis Drucker, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 337a, subdivision 1, of the Penal Code, after trial before the court without a jury, defendant appeals. There is also an appeal from the order denying defendant's motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent), the essential facts are:

July 24, 1942, police officers of the Los Angeles Police Department entered a cocktail bar of the Ritz Hotel in Los Angeles. In an adjacent hallway near a telephone booth they observed several persons, among whom was defendant, reading scratch sheets and racing forms.

Various persons in the group directed defendant's attention to the scratch sheet. One of the party gave defendant a dollar, consulted a scratch sheet with defendant, and pointed to the fifth and seventh race entries on the sheet; whereupon defendant went to the telephone, dialed a number, and, scratch sheet in hand, said, "Fifty cents to win and fifty cents to place, parlayed from Maupeace to Lovely Dawn."

Thereafter defendant was arrested, and the scratch sheet in his possession, dated July 24, 1942, disclosed that the name of one of the horses running in the fifth race at Rockingham Park was named "Maupeace," and a horse running at the same track in the seventh race was name "Lovely Dawn." Defendant had in his possession $339.75.

While in the custody of the officers defendant admitted that he took bets from people in the cocktail bar and thereafter telephoned them to a "regular bookmaker."

Defendant relies for reversal of the judgment on the proposition *that there is not any substantial evidence to sustain the judgment.*

This proposition is untenable in view of the decision of our Supreme Court in *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778], and the decisions of this court in *People* v. *Kahn,* 27 Cal.App.2d 645 [81 P.2d 632]; *People* v. *Abraham,* 53 Cal.App.2d 564 [128 P.2d 39] and *People* v. *Bateman,* 57 Cal. App.2d 585 [135 P.2d 192] filed March 9, 1943, being Criminal Number 3662 in the records of the clerk of this court. In

none of the cases cited was the evidence stronger than in the present case, nevertheless the convictions were sustained in the first case by the Supreme Court, and in the others by this court.

The rule relied on by defendant as stated in *People* v. *Yoder*, (1939) 35 Cal.App.2d 347, 349 [95 P.2d 470], is no longer the law in California. This case was decided in 1939 in reliance upon the decisions of the Supreme Court in *People* v. *Staples* (1906), 149 Cal. 405, 425 [86 P. 886], and *People* v. *Lamson* (1934), 1 Cal.2d 648, 661 [36 P.2d 361]. A later decision of the Supreme Court held that the Lamson case decided nothing except that the judgment of the trial court should be reversed, and limited the rule in *People* v. *Staples* to the facts of that case (*People* v. *Newland* (1940), *supra*, 681).

The rule in California now is that a court on appeal will not attempt to determine the weight of the evidence but will decide whether on the face of the evidence it can be held that sufficient facts could have been found by the jury to warrant an inference of guilt, and before the verdict of a jury will be set aside on appeal on the ground of insufficiency of the evidence to sustain it, it must be made clearly to appear that upon no hypothesis whatever is there substantial evidence to support the conclusion reached by the trier of fact. If the circumstances reasonably justify the verdict of the jury, the opinion of the appellate court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not justify the appellate court in interfering with the determination of the jury (*People* v. *Pianezzi*, (1940) 42 Cal.App.2d 270, 277 [108 P.2d 685]; *People* v. *Newland, supra,* 681).

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.