[Crim. No. 1919.    Third Dist.    Oct. 26, 1945.]

THE PEOPLE, Respondent, v. RICK T. VICENCIO, Appellant.

Paul E. O'Hara & Thomas F. O'Hara for Appellant.

Robert W. Kenny, Attorney General, D. K. Lener and Jas. O. Reavis, Deputies Attorney General, for Respondent.

PEEK, J.—From the judgment on a verdict of guilty of the crime of rape as charged in the information defendant has appealed on the grounds: (1) that the evidence was insufficient to justify the verdict; (2) that the verdict was contrary to law; and (3) that the court erred in admitting certain evidence over the objection of the defendant.

The prosecuting witness was a child of the age of thirteen years. She and her mother lived in the city of Benicia with the defendant and his son, who was approximately the same age as the prosecutrix. Defendant was employed as a watchman at the United States Army Arsenal near Benicia while the girl's mother worked at the United States Navy Yard at Mare Island. On the day of the crime the defendant returned from his work on the night shift at approximately 8:30 o'clock in the morning and immediately went to bed. The mother had already left for work on the day shift at the navy yard. Both the boy and girl were home at the time. About noon of that day defendant sent the boy on an errand leaving only the girl, who was then cleaning the house, and himself in the home. At his request she entered his bedroom to arrange some clothing. Upon entering the room he called her to the bed in which he was lying and thereupon committed the acts charged in the information. Concerning the act of intercourse itself, her testimony was that she did not know whether or not there had been actual sexual penetration. She did state, however, that she felt some pain "partly in the inside and partly on the outside." She also testified to the effect that immediately after the commission of the act described defendant indicated that he had experienced seminal emission.

She was allowed to testify further to a number of similar acts perpetrated by defendant upon her, commencing when she was approximately eight years of age and repeated at various intervals until the time when she made complaint to her mother. In regard to two such instances, corroborating testimony was furnished by defendant's son, who likewise admittedly had participated in acts of intercourse with her. Two physicians called by the prosecution testified that the girl was as fully developed physically as a mature married woman who had not borne a child, and that a physical examination disclosed that she had participated in acts of sexual intercourse over a considerable period of time, although it could not be determined whether such an act had been engaged in at the time mentioned in the information. These witnesses expressed a doubt whether under the circumstances the girl would have experienced internal pain from an act of sexual intercourse with an adult male; but one of them stated in effect that if the act were distasteful to her the mental pain experienced under such conditions might be mistaken for physical pain.

In reviewing the evidence in relation to the first contention made by defendant the court is guided by the well-established rule that "We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict." (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].) Applying this rule to the facts disclosed by the record herein, we cannot say "that upon no hypothesis is there sufficient substantial evidence, cricumstantial or otherwise, to support the conclusion reached in the lower court" (*People* v. *Paris*, 59 Cal. App. 2d 699, 702 [139 P.2d 671]), and therefore we cannot disturb the findings of the jury. (*People* v. *Ogden*, 41 Cal. App. 2d 447 [107 P.2d 50]. See also *People* v. *Stangler*, 18 Cal.2d 688, 692 [117 P.2d 321].)

The appellant's second assignment of error indicates three separate contentions: (1) that the venue was not established; (2) that sexual penetration of the prosecutrix was not proven; and (3) that the circumstantial evidence disclosed by the record was as consistent with innocence as with guilt.

Upon the question of venue the record discloses testimony by the prosecuting witness, her mother and the defendant that they resided at a certain address in the city of

Benicia, though no one testified that Benicia was located in Solano County or in the State of California. Admittedly such testimony established the fact that the act charged took place in the city of Benicia, and if, as stated in the case of *Communist Party* v. *Peek*, 20 Cal. 2d 536, 546 [127 P.2d 889], "The test is whether sufficient notoriety attaches to the fact to make it proper to assume its existence without proof," then it must necessarily follow that Benicia, the one time site of our state capitol [1853], must be judicially known by this court to be situated in Solano County, California, without further proof than is disclosed by the record herein. ■ Furthermore it is not necessary that venue in a criminal case be proven "beyond a reasonable doubt." (*People* v. *Bastio*, 55 Cal.App.2d 615, 617 [131 P.2d 614]; *People* v. *Montgomery*, 32 Cal.App.2d 43, 45 [89 P.2d 184]; *People* v. *De Soto*, 33 Cal.App.2d 478, 480 [92 P.2d 466].)

■ The second phase of defendant's second contention is predicated upon section 263 of the Penal Code, wherein it is provided that sexual penetration, however slight, is necessary to constitute the crime of rape, and that as the testimony in this regard is as consistent with innocence as with guilt the judgment must be reversed. In support thereof he has cited the case of *People* v. *Lamson*, 1 Cal.2d 648 [36 P.2d 361]. However, it must be noted that in the case so relied upon by appellant the only question, according to the later decision in *People* v. *Newland, supra,* upon which a majority of the justices of that court concurred, was in the reversal of the judgment of conviction.

This court, in the case of *People* v. *Dunn*, 40 Cal.App. 2d 6, 12 [104 P.2d 119], in referring to the Lamson case and the very point raised in defendant's next contention, stated: "The evidence in that case was entirely circumstantial, and the court followed the general rule by holding that where circumstantial evidence is relied upon for a conviction, and where every circumstance relied upon as incriminating is equally compatible with innocence, there is a failure of proof necessary to sustain a conviction." In the instant case the evidence was not wholly circumstantial nor was it "equally compatible with innocence." "If the circumstances reasonably justify the verdict of the jury, the opinion of the appellate court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not justify the appellate court in interfering with the determination of

the jury." (*People* v. *Abrams*, 58 Cal.App.2d 157, 159 [136 P.2d 46].)

In view of all of the testimony shown by the record in the present case it is the conclusion of this court that the jury could validly infer therefrom [as it in fact did] that the defendant had accomplished sexual penetration of the girl. ▪ The consummation of such an act may be shown by the circumstances and surroundings (*People* v. *Mayes*, 66 Cal. 597 [6 P. 691, 56 Am.Rep. 119]), and may be proved by circumstantial as well as direct evidence. (*People* v. *Preston*, 19 Cal.App. 675 [127 P. 660].) ▪ The right to draw proper inferences from the evidence is a function of the jury; and as long as its conclusions do not do violence to reason, an appellate court is not permitted to substitute its findings of the ultimate fact for that reached by the jury (*People* v. *Kneiling*, 127 Cal.App. 151 [15 P.2d 561]), and inasmuch as we cannot say that the conclusion reached by the jury does violence to reason we likewise cannot say that such conclusion was erroneous.

▪ Defendant's final contention is directed at the alleged error of the court in overruling his objection to testimony of the prosecutrix concerning similar prior acts on the part of the defendant, upon the ground that such evidence was only corroborative, and as the prosecution had failed to prove any sexual penetration, i.e., the corpus delicti, the testimony was inadmissible.

We have already indicated that the evidence of penetration, irrespective of the boy's testimony, was sufficient to warrant the finding of the jury. It has been stated that, although the corpus delicti must be proven outside of the declarations or admissions of the defendant, "it is well settled that the prosecution is not required to establish it by proof to the same degree of certainty as is required to establish the fact of guilt. Slight or *prima facie* proof is all that is necessary; it may be proved by circumstances shown in evidence, or by inferences reasonably drawn therefrom; direct or positive evidence is not essential; nor is it necessary that such evidence in itself connect the defendant with the perpetration of the offense." (*People* v. *Wiezel*, 39 Cal.App.2d 657, 664 [104 P.2d 70]; citing *People* v. *Hudson*, 139 Cal.App. 543 [34 P.2d 741].)

▪ Finally it may be said that, while ordinarily the corpus delicti should be established as early in the trial proceedings as is practicable, "the order of proof is a matter

within the discretion of the trial court, and its rulings thereon will not be disturbed except upon clear proof of an abuse of that discretion." (*People* v. *Watters*, 202 Cal. 154, 157 [259 P. 442].)

The facts and circumstances as disclosed by the record herein are sufficient to meet the requirements of the foregoing rules.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.