[Crim. No. 4168.   Second Dist., Div. Three.   Feb. 6, 1948.]

THE PEOPLE, Respondent, v. MERLIN F. GRAYSON, Appellant.

Franklin B. MacCarthy for Appellant.

Fred N. Howser, Attorney General, and Ruth Bernfeld, Deputy Attorney General, for Respondent.

SHINN, Acting P. J.— Appellant was convicted in a jury trial of receiving and holding a wager on a horse race, and of a separate offense of recording and registering a wager on a horse race, in violation of subdivisions 3 and 4 of section 337a, Penal Code. He appeals from the judgments, specifying insufficiency of the evidence, erroneous rulings in the admission of evidence, errors in the instructions and alleged misconduct of the prosecutor.

The attack upon the sufficiency of the evidence assumes, as the trial court held, that the prosecuting witness, one Pease, was an accomplice of appellant in each of the offenses charged. This is also the basis of the criticism of the instructions and several of the questioned rulings. The question whether Pease was an accomplice will be considered separately, as to the two counts.

Pease testified that on November 13, 1946, he telephoned appellant and placed a bet of $100 to "win, place and show," $300 in all, on the horse Barging Rose, which ran that day at Bay Meadows, and that on November 21, 1946, he placed another $30 bet with appellant on the horse See-Tee-See, also running at Bay Meadows; that Barging Rose won; that he met appellant by appointment in the evening of November 13, that appellant handed him $100 and a few days later

gave him a check for $725, dated November 28, 1946, and another check for $500 dated November 29, 1946, as his winnings on the race. He also testified that the checks were postdated. They were dishonored when presented for payment. There was nothing on the checks to connect them with a wager or any other previous transaction between appellant and Pease. They were identified with the betting transaction only by the testimony of Pease.

■ The first question is whether one who places a bet on a horse race is an accomplice of one who receives, holds or forwards the bet, which is made an offense by subdivision 3 of section 337a. By section 1111, Penal Code, an accomplice is defined as "one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." If subdivision 3 of section 337a alone were to be considered, Pease would have been liable to prosecution as a principal under sections 31 and 971, Penal Code, for aiding and abetting appellant in the offense of receiving a bet. However, subdivision 6 of the section makes the placing of a bet a separate offense and the acts of Pease, according to the evidence, were only those which constituted a violation of this subdivision. It was held in *People* v. *Miropol*, 33 Cal. App.2d 297 [91 P.2d 230], that one who places a bet is not an accomplice of one who receives it. This conclusion has support in the later, as well as the earlier, cases. In *People* v. *Davis*, 210 Cal. 540 [293 P. 32], it was held that the giver and the receiver of a bribe are not accomplices, one to the other, since each is guilty of a separate offense. It was said in *People* v. *Clapp*, 24 Cal.2d 835, 838 [151 P.2d 237], "If a statutory provision so defines a crime that the participation of two or more persons is necessary for its commission, but prescribes punishment for the acts of certain participants only, and another statutory provision prescribes punishment for the acts of participants not subject to the first provision, it is clear that the latter are criminally liable only under the specific provision relating to their participation in the criminal transaction. The specific provision making the acts of participation in the transaction a separate offense supersedes the general provision in section 31 of the Penal Code that such acts subject the participant in the crime of the accused to prosecution for its commission." This holding was followed in *People* v. *Wilson*, 25 Cal.2d 341 [153 P.2d

720], the conclusion in each case being that a woman who was subject to prosecution under section 275, Penal Code, for submitting to an abortion, was not an accomplice of one who was prosecuted under section 274 for committing the abortion. So, here, since the act of placing a bet, without which, of course, the bet could not be received by another, was punishable as a separate offense under subdivision 6, and not specifically under subdivision 3, it was not punishable under section 31, and Pease was not an accomplice of appellant who received the bet. The testimony of Pease was sufficient, without corroboration, to prove the offense charged in count one.

The court declined to give appellant's requested instruction under which the jury could have determined that the two checks given Pease by appellant would not furnish sufficient corroboration of the testimony of Pease that he placed a bet, in the event that it should be found by the jury that the checks were connected with a betting transaction only by the testimony of Pease. The question involved is immaterial in view of our holding that Pease was not an accomplice in the offense charged in count one.

As to the charge in the second count of recording and registering a bet, we find it unnecessary to determine whether Pease was an accomplice. The evidence was sufficient to prove commission of the offense if Pease should be deemed an accomplice. ▮ Pease testified that after he placed the bet on See-Tee-See appellant brought to his home four certain writings which he identified as betting markers and that he had received many similar markers from appellant. The four papers were identified by a police officer, testifying as an expert, as markers commonly used by bookmakers in recording bets. Mrs. Pease, wife of the prosecuting witness, testified that appellant brought the markers to Pease and that appellant then placed figures on the back of one of them indicating the amount that Pease had won. Pease testified that the markers indicated the names and gave the identifying numbers of four horses on which he had placed bets with appellant. Each marker had in pencil a number and an abbreviation of a horse's name "Se," "Jo," "Ty," or "Bi," and each had figures placed in one or more of three printed rectangles which, according to the testimony, indicated the amounts of bets that the horse would run first, second or third. The name Pease was written on each marker and on

the marker "Se" (identified by Pease as See-Tee-See) were figures purporting to show the odds on the horse of 3.90 and the figures 58.50, the return on the $30 bet indicated on the marker. The several markers were received in evidence over the objection of appellant that they were not shown to be in his handwriting and as to those, other than the one marked "Se," that they tended to prove the commission of offenses other than the one charged. The objections were properly overruled. The markers tended to prove a system followed by appellant in the recording of bets, and the testimony with relation to them tended to explain the cryptic use of abbreviations and figures on the marker which was claimed to be a record of the bet on See-Tee-See. (*People* v. *Derrick,* 85 Cal.App. 406 [259 P. 481].) If they were written by someone other than appellant, he adopted them as his own when he handed them to Pease. The only reasonable inference was that the writing was done by appellant or under his direction. The figures 58.50 indicating the winnings on the "Se" bet appear on the back of another marker on which, as Mrs. Pease testified, appellant figured the winnings of Pease. Disregarding certain writing on the marker "Se" which would appear to have been placed there after the race was run, there was sufficient evidence to prove the offense charged in count two. When the testimony of the other witnesses is considered it will appear that the prosecution rested but lightly upon the testimony of Pease.

█ The arresting officer testified, over appellant's objection, that he found many other betting markers in appellant's home. This testimony and that of Pease that he had received from appellant many other markers were properly admitted. Evidence tending to prove that appellant was operating as a bookmaker was relevant to the main issues. (*People* v. *Schwartz,* 14 Cal.App. 9 [110 P. 969].) It was not rendered inadmissible merely because it tended to prove the commission of other offenses. (*People* v. *James,* 65 Cal. App.2d 709 [151 P.2d 572].)

█ The instructions correctly stated the law with respect to the quantum of proof required to corroborate the testimony of an accomplice. There was, as appellant contends, repetition and emphasis of the statement that the testimony of an accomplice was not to be disregarded, but the repetition was occasioned by statements of both counsel in the arguments. If we deemed the emphasis to have been unnecessary

and subject to criticism we could not hold it prejudicial, in view of the evidence furnished by the markers and the testimony of Mrs. Pease and the officer.

The references to appellant as a "big time bookmaker" in the argument of the prosecutor, or the refusal of the court of appellant's request that the jury be instructed to disregard them, does not furnish cause for reversal of the judgments. The appellation given appellant, while ill-advised, probably added little to the impact of the evidence on the minds of the jurors.

There are no other claimed errors which require particular mention.

The judgments are affirmed.

Wood, J., and Vallée, J. pro tem., concurred.