[Crim. No. 4769. Second Dist., Div. One. May 19, 1952.]

THE PEOPLE, Respondent, v. WILLIAM CARLOUS KING, Appellant.

Horace Appel for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from an order denying a motion for a new trial.

Defendant was charged in two counts by information with violating subdivisions 2 and 3 of section 337a of the Penal Code.

A jury was waived and the matter submitted, by stipulation, on the preliminary examination transcript. No witnesses appeared.

Following the so-called trial the matter was disposed of by the trial judge in the following words, "The court now finds the defendant innocent as to Count I and guilty as to count II." Following a hearing on an application for probation, the following occurred: "The Court: Proceedings are suspended for five years during which time you are placed on probation on the following terms and conditions. . . . Finally that you pay to the Probation Officer a fine in the sum of $300 in 30 monthly installments of $10.00, the first installment to be paid on or before the 15th day of October, 1951 and subsequent installments on or before the 15th day of each succeeding month."

The only so-called evidence in support of the court's conclusion was the testimony of two police officers in substance to the effect that defendant was in a building of a gasoline station where there was a table or desk. The officers, about 1:35 p. m. on the day in question, watched the building for about 15 minutes during which time a couple of men were seen to enter the place. When a third man entered the officers went alongside the building and one of the officers overheard someone say, "Yes, that is right, one to win on Galloway." The officers then entered. There were some one dollar bills on the desk, about five. Defendant picked them up and put them in a "pants, pocket." Defendant also had a small piece of paper on which were the names of three horses one of which was "Galloway." The officer who had been on the police force three months was an "expert"

by stipulation and testified that the marks on the paper referred to "bets." There was also a "scratch sheet" on the desk. It was not proven who the third man was, who made the remark or who wrote the memorandum.

The foregoing constitutes the evidence which it is contended by respondent is sufficient to support a finding of guilty to a moral certainty and beyond a reasonable doubt. █ It may be sufficient to raise a suspicion which, it has been held, will support an order holding a defendant to answer but guilt under the law must be established by something more than suspicion. The well known rule of law that the guilt of a defendant in a criminal action must be established to a moral certainty and beyond a reasonable doubt is still in effect. █ The evidence falls far short of supporting the above doctrine. If such were the law anyone talking about a horse race would be exposed to prosecution. (See *People* v. *Rabalete,* 28 Cal.App.2d 480 [82 P.2d 707].)

The order is reversed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied May 28, 1952, and respondent's petition for a hearing by the Supreme Court was denied June 16, 1952. Shenk, J., and Spence, J., were of the opinion that the petition should be granted.