[Crim. No. 4862.   Second Dist., Div. Three.   Dec. 31, 1952.]

THE PEOPLE, Respondent, v. MAX RUBIN, Appellant.

Russell E. Parsons for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

SHINN, P. J.—In a trial to the court Max Rubin was convicted on two counts of violation of section 337a(3) of the Penal Code.   Defendant's motion for a new trial was denied and he appeals from the judgment and the order, attacking the sufficiency of the evidence to sustain the conviction.

Peter Janowicz, a Los Angeles vice squad officer, was the only witness for the People. He testified that on October 25, 1951, with another officer, he entered a café on West Sixth Street and watched defendant, who was walking among the customers, and on occasions was approacched by and conversed with unknown persons.   They would then look at a scratch sheet and at the end of the conversation money would pass.   On the preceding day he observed defendant for an hour and one-half in the same café and again on numerous occasions defendant was approached by unknown

persons; they would look at a scratch sheet and money would be transferred. On one occasion an unknown person said "Five across on Moon Tip, fourth at Tan" and gave defendant $15. Another man said to defendant "Five across on La Jolla Hiker" and handed defendant $15. A third person said to defendant "Four and Four on Dan Shamrock" and handed defendant some money. After the conversations defendant would go to a telephone, deposit something in the coin box and carry on a conversation. Moon Tip and Dan Shamrock were horses running at Tanforan on October 24, 1952.

Defendant testified that he took no bets but did talk to several people in the busy bar and that $15 was given to him by a Mr. Josephi. Mr. Josephi testified that he gave defendant $15 in repayment of a loan. The officer had no conversation with defendant, nor did he find any scratch sheets or betting markers in defendant's possession, and he heard none of the telephone conversations.

Defendant cites *People* v. *Rabalete*, 28 Cal.App.2d 480, 487 [82 P.2d 707], and *People* v. *King*, 111 Cal.App.2d 201 [244 P.2d 20], contending the evidence here was no stronger than in those cases in which it was held to be insufficient. The evidence in defendant's case was clearly free from the infirmities pointed out in the Rabalete and King cases. There was no idle conversation or ambiguous discussion between defendant and the horse players.

The material elements of the offenses charged in both counts are that defendant received, held or forwarded money on the result of a horse race or purported horse race. In determining whether the evidence offered in support of these elements was legally sufficient, we need only refer to our previous recital of the testimony.

The officer's testimony was sufficient, if believed, to prove the offenses. Nothing more was required to place a bet than for a bettor to say "Five across" or "Four and four," naming a horse entered in a race, accompanied by the delivery to the addressee of the money. It was for the trial court to choose between the testimony of the officer and the denials of the defendant and his witness.

The judgment and the order denying motion for a new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.