[Crim. No. 5808.  Second Dist., Div. One.  Apr. 1, 1957.]

THE PEOPLE, Respondent, v. JOSEPH JOHN MANGIAMELI, Appellant.

Block, Toller, Bulloch & Biggerstaff and Francis B. Toller, Jr., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the district attorney of Los Angeles County, defendant was charged with three violations of section 337a of the Penal Code. We are here concerned only with Count II in which a conviction resulted and by which defendant was accused of a violation of subdivision 3 of the foregoing Penal Code section, in that he did ". . . receive, hold, . . . certain moneys . . . staked, pledged, bet and wagered . . . upon the result of a trial . . . and contest of speed . . . between beasts, to wit, horses." From the judgment of conviction and the order denying his motion for a new trial defendant prosecutes this appeal.

The prosecution introduced evidence that on March 10, 1956, Deputy Sheriffs Ray and Keesling entered the 6800 Club and seated themselves at the bar next to a Mr. Horton who was looking at a daily newspaper and writing certain notations on a slip of paper. When Mr. Horton left the bar he was followed by the officers to a smoke shop at 6716 Central Avenue. This shop was operated by the defendant who was standing in the rear thereof, and was handed a slip of paper and some money by a man who came out of the back room of the shop. In that back room six or eight people were seated around two tables. They were looking

at the National Daily Reporter or racing forms and listening to the results of races.

Mr. Horton entered the back room as did Officer Keesling while Officer Ray engaged the defendant in conversation.

The latter was busy at the time writing on a slip of yellow paper. The paper contained a number of initials and figures. This was an "owe sheet" that is a record of the money owed by or to the "book."

Mr. Horton left the back room. As he approached the defendant he handed the former a piece of paper, a betting marker, i.e., the record of a bet which a better gives to a bookie, and two one-dollar bills, saying, "Here, Joe, this is for the third." The defendant, who knew Mr. Ray was an officer pushed Mr. Horton's hand away.

Officer Keesling returned to the back room. Officer Ray told the defendant "Let's go to the back room." Whereupon defendant yelled, "Get out, everybody the cops," and himself jumped for the front door but was prevented from making good his escape.

In defendant's pants pocket the police found a slip of paper which contained the names of a number of horses that were racing that day at the Santa Anita Race Track. This paper was a betting marker. Defendant testified that this marker was not taken from his person.

A pink slip of paper which defendant admitted was his is also an "owe sheet."

As a witness in his own behalf defendant testified that he never possessed the paper identified as a betting marker and which the officers testified they retrieved from a pocket in his trousers; that the two slips identified as "owe sheets" were records of money owed and money loaned and merchandise sold and that one was a half completed copy of the other; that Mr. Horton did not attempt to hand him anything, as a bet, and that Horton was under arrest at the time he came from the back room to the front room.

Defendant denied that he at any time called out, "Get out everybody, the cops," but that following his arrest he "hollered, 'everybody out,' that I was closing."

As a witness for the defendant, Mr. Horton testified that he did not at any time hand or try to hand the paper with the horses' names thereon and the money to defendant.

As his sole ground for reversal appellant contends that the evidence is insufficient to sustain the judgment. With this contention we cannot agree. ■ Where evidence, cir-

cumstantial or otherwise, establishes that a crime has been committed and that the accused was the perpetrator thereof, an appellate tribunal in reviewing a conviction will not appraise the weight of the evidence but will consider and determine only whether upon the face of the evidence it can justly be held that the trier of facts could not have found sufficient facts to warrant the inference of guilt. In other words, it must be made clearly to appear that the conclusion arrived at in the court below is unsupported by any substantial evidence upon any hypothesis whatever (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]). As was said in the case just cited, at page 681: "We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict. If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury."

In the case now engaging our attention there was testimony that appellant received a slip of paper and money from a man who had just come out of the back room of appellant's shop, a room in which men were studying the National Daily Reports and racing forms and listening to the results of the races.

At that time the appellant was working on an "owe sheet" a record of money owed to or by a "book."

That while conversing with a police officer, whom the appellant knew was an officer, a third person attempted to place a bet saying, "Here, Joe, this is for the third." Appellant pushed away the paper and money. On this piece of paper were listed numerous horses running in various races at Santa Anita on that day.

After appellant's arrest he attempted to escape and to warn the other occupants of his back room that the police were raiding his establishment.

In appellant's pocket was found a piece of paper which listed numerous horses running in various races at Santa Anita on that day together with notations indicating the amount to be bet on each.

True, the foregoing testimony was in conflict with that proffered by appellant himself and the witness Horton. But, as has often been repeated, reviewing judges are, obviously,

in no position to determine the credit which should be accorded to witnesses or to weigh their testimony, and are therefore not authorized to review evidence, except where, on its face, it may fairly be held that it is insufficient to support the ultimate issue involved, in which case it is not a review of a question of fact, but purely one of law. It has been ordained by the Legislature that the duly constituted arbiters of the facts are the exclusive judges of the credibility of witnesses (Code Civ. Proc., § 1847), and are the judges of the effect and value of evidence addressed to them, except in those instances where it is declared by the law that it shall be conclusive proof of the fact to which it relates (Code Civ. Proc., § 2061). So, in the instant case the trial judge was authorized, if he conscientiously felt warranted in so doing, after full and fair consideration thereof, to reject any testimony which might have been contradictory to that given by Officers Keesling and Ray. Since there is no claim that the testimony of the officers can be strictured as inherently improbable, that is, that it would not seem possible that what they testified to could have occurred under the circumstances described, we are without power to disturb the findings made therefrom in the court below.

That the evidence is abundantly sufficient to sustain the conviction herein, to us, seems manifest. (See *People* v. *Hart*, 46 Cal.App.2d 230, 231, 233 [115 P.2d 546]; *People* v. *Bateman*, 57 Cal.App.2d 585, 587 [135 P.2d 192]; *People* v. *Abraham*, 53 Cal.App.2d 564, 565 [128 P.2d 39]; *People* v. *Stones*, 99 Cal.App.2d 54, 55 [221 P.2d 202]; *People* v. *Kahn*, 27 Cal.App.2d 645, 646 [81 P.2d 632]; *People* v. *Rubin*, 115 Cal.App.2d 186, 187 [251 P.2d 374]; *People* v. *Tompkins*, 109 Cal.App.2d 215, 217 [240 P.2d 356]).

The judgment and the order denying defendant's motion for a new trial are, and each is affirmed.

Doran, J., and Fourt, J., concurred.