[Crim. No. 6601.   Second Dist., Div. Three.   Sept. 14, 1959.]

THE PEOPLE, Respondent, v. WALLACE HAMES, Appellant.

G. Vernon Brumbaugh for Appellant.

Stanley Mosk, Attorney General, and John M. Huntington, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant Wallace Hames was accused of three violations of section 337a of the Penal Code, namely, Count I, violation of subdivision 1 (bookmaking), Count II, violation of subdivision 2 (occupying a room with betting paraphernalia), and Count III of subdivision 6 (accepting bets on horse races).   In a court trial, under stipulation, the

cause was submitted on the transcript of evidence received in the preliminary examination and the testimony of one of the officers who testified at the preliminary and was called by the People at the trial. Defendant was convicted under Count II and Counts I and III were dismissed; his application for probation was granted upon condition that he serve 30 days in the county jail and pay a fine of $250. He appeals from the judgment.

Two points are urged on the appeal, (1) refusal of the court to require the arresting officer to divulge the name of an informant and (2) insufficiency of the evidence to sustain the judgment.

Officer Ferrone testified that he had received information from a confidential informant that bookmaking was being conducted by a male Caucasian named "Wally" through the use of a telephone in a room in the Melba Hotel; he had made five or six arrests on information from the same informant and all the arrestees had been convicted with the exception of one whose case was pending. He stationed himself outside room 302 in the hotel and heard the telephone within ring approximately five times; the third time it rang, he heard a voice say "Hello. Yes, Herman, go ahead. At Del Mar, 9th race, No. 10, six to win, all right." Again the phone rang and the voice said "Yes, Cliff. Go ahead. Del Mar, 7th race, No. 3, one and one. I got you." A radio was playing, giving results of a race. The witness demanded admittance which was refused and he forced an entry into the room. Defendant was seated at a desk or table with a telephone in one hand and a pencil in the other. The witness and an officer who accompanied him retrieved several scratch sheets, papers and cardboards containing notations which were identified by the witness as records of some 20 bets on horses. In the presence of the officers defendant responded to a telephone call saying, "Yes, Cliff. The police are here. I can't talk." Defendant stated to the officers that he had been bookmaking for some six years and lived in the room for eight years, was working for himself and was taking in about $600 a day. The officers had no warrant of arrest or search warrant.

Defendant's counsel requested of the witness the name of the informant; the People objected and the objection was sustained. No motion was made to strike the testimony of the officer. No objection was made to the introduction into evidence of the scratch sheets.

The testimony of the officer as to the statements of defendant which he overheard is relied upon by the People as suffi-

cient proof that the officers had reasonable cause to believe that defendant was engaged in the commission of a felony and that the same justified their forcing their way into the room and making the arrest. Defendant maintains that his statements over the telephone were not sufficient to cause a reasonable belief that he was accepting bets on horse races. He contends in effect that the officers in forcing an entry into the room were acting in substantial part upon information that had been given to Ferrone by the unnamed informant. He argues that the court should have construed the statements that were overheard to be mere casual references to horse racing activities and unrelated to the acceptance of wagers. In support of his argument he cites *People* v. *Rabalete*, 28 Cal. App.2d 480 [82 P.2d 707], in which the only statement overheard by the arresting officer was ''242 to show'' and which was held insufficient to justify a reasonable belief that the statement indicated that defendant was accepting a bet on a horse race. Defendant also cites *People* v. *King*, 111 Cal. App.2d 201 [244 P.2d 20], in which the accused was overheard to say, ''Yes, that is right, one to win on Galloway.'' This remark was held insufficient to reasonably indicate that the accused was accepting a bet on a horse race ▆▆▆ We think the evidence in the present case was clearly sufficient to prove that the officers had good reason to believe that defendant was engaged in bookmaking. The words ''At Del Mar, 9th race, No. 10. Six to win. All right.'' clearly indicated the placing of a bet of $6.00 to win on Number 10 in the ninth race at Del Mar and the other remarks ''Del Mar, 7th race, No. 3, one and one. I got you.'' clearly indicated the placing of a bet on Number 3 horse in the seventh race at Del Mar. The ''one and one'' was interpreted by the witness to mean $1.00 to win and $1.00 to place. The vernacular of bookmakers is not unfamiliar to the judges of our trial courts. The evidence in the present case is typical of the terms used by bookmakers so frequently found in records on appeal. It furnished sufficient cause for the actions of the officers in forcing an entry into the room.

▆▆▆ The foregoing evidence with that furnished by the scratch sheets and other betting paraphernalia which the officers seized was clearly sufficient to prove that defendant was occupying the room with such paraphernalia for the purpose of registering bets on horse races. It was unnecessary for the People to prove that any of the writing was in the

handwriting of the defendant. (*People* v. *Ryan,* 15 Cal.2d 492 [102 P.2d 320].)

It was not error for the court to refuse the demand of the defendant that the name of the informant be disclosed. The information that had been received no doubt inspired the investigation made by the officers but that was an independent investigation, the results of which developed facts which justified the entry without a warrant. The entry was not made in reliance upon the information that had previously been received. The subsequent arrest was clearly justified.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.